STATE OF NEBRASKA, APPELLEE, V.
MICHELLE A. HIROSS, APPELLANT.
318 N.W.2d 291

Filed April 16, 1982. No. 81-656.

E. Dean Hascall of Hascall, Jungers & Garvey, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, Michelle A. Hiross, appeals from a conviction and sentence imposed upon her for the crime of contributing to the delinquency of a minor in violation of Neb. Rev. Stat. § 28-709(1) (Reissue 1979). We affirm.

Hiross was originally charged in the county court of Sarpy County, Nebraska. Through her privately retained counsel, she entered a plea of not guilty and trial was thereafter held to the court on April 7, 1981. The trial court found Hiross guilty of the charge, a Class I misdemeanor, and sentenced her to serve 30 days in jail and to pay the costs incurred in the prosecution of the case.

Hiross then filed a timely appeal to the District Court for Sarpy County, Nebraska, whereupon trial was had to the District Court. The District Court affirmed the decision of the county court, including the sentence previously imposed.

Hiross now appeals to this court, raising three assignments of error. First, she maintains that the

trial court erred in failing to order a presentence investigation prior to imposing sentence.

Hiross' second assignment of error is that the trial court erred in failing to grant her a trial to a jury in view of the fact that the possible sentence for a violation of a Class I misdemeanor is up to 1 year's imprisonment.

The third and final assignment raised by Hiross is that § 28-709 is unconstitutional in that it is void for vagueness.

We may quickly dispose of each of these matters in the order in which they are presented to us.

Following the trial to the county court, the court inquired of counsel whether a presentence investigation was desired. Although this was a misdemeanor and therefore not required, the court nevertheless indicated to Hiross that the court was willing to obtain a presentence investigation prior to imposing sentence. See, Neb. Rev. Stat. § 29-2261 (Reissue 1979); *State v. Cardin,* 194 Neb. 231, 231 N.W.2d 328 (1975); *State v. Jablonski,* 199 Neb. 341, 258 N.W.2d 918 (1977). In response to the inquiry, counsel for Hiross advised the court that she did not desire a presentence investigation, desired to waive the court's offer to obtain one, and desired to be sentenced immediately. Having waived the court's offer to provide the appellant with a presentence investigation, she is not now in a position to claim error.

With regard to the second issue, that she was entitled to trial by jury, we are likewise confronted with the same situation as with the first assignment of error. Hiross made no demand for a jury trial, entered a plea of not guilty, and voluntarily submitted her case to a trial by the court. In *State v. Mangelsen,* 207 Neb. 213, 215, 297 N.W.2d 765, 767 (1980), we said: "Nebraska provides a statutory right to jury trial in a criminal case in county or municipal court, with certain exceptions not appli-

cable here, but the statute requires a demand to invoke the right. See Neb. Rev. Stat. § 24-536 (Reissue 1979).'' Hiross did not make such request. Nor did she at any time prior to her appearance in this court raise any issue as to the constitutionality of Neb. Rev. Stat. § 24-536 (Reissue 1979) insofar as it requires the defendant to request a jury trial. This is not a case where, in return for waiving her rights, the defendant pled guilty as was the case in *State v. Tweedy,* 209 Neb. 649, 309 N.W.2d 94 (1981). Here Hiross pled not guilty and voluntarily went to trial by the court even though the statute gave her a right to a jury trial. We believe that she has waived any objection she might otherwise have had. The issue as raised by Hiross is simply not before us at this time and the assignment must likewise be overruled.

Turning to her last and final assignment, that the act itself, § 28-709(1), is unconstitutional, we again note that the issue of the constitutionality of the statute was raised for the first time in the District Court on appeal. We have many times noted that in order for the constitutionality of a statute to be considered by this court, the issue must have been properly raised in the trial court. In *State v. Irwin,* 208 Neb. 123, 127, 302 N.W.2d 386, 389 (1981), we said: '' 'Defendant did not raise the constitutional issue in the trial court. It is raised for the first time on appeal. For a question of constitutionality of a statute to be considered in this court it must be properly raised in the trial court. If it is not raised in the trial court, it will be considered as waived in this court.' '' See, also, *State v. McConnell,* 201 Neb. 84, 266 N.W.2d 219 (1978). Having failed to properly raise the issue in a timely fashion in the county court, the issue is deemed waived. The third assignment must likewise be overruled.

The judgment of the trial court is therefore in all respects affirmed.

AFFIRMED.