STATE OF NEBRASKA, APPELLEE, v. JAMES A. MERCER, APPELLANT.

347 N.W.2d 868

Filed April 27, 1984. No. 83-756.

Anthony S. Troia of Troia Law Offices, P.C., for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN, and BRODKEY, JJ., Retired.

KRIVOSHA, C.J.

The appellant, James A. Mercer, was convicted in the municipal court of Omaha, Douglas County, Nebraska, of the crime of operating a motor vehicle under the influence of intoxicating liquor in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982). The complaint alleged that this was Mercer's fourth offense for operating a motor vehicle under the influence of intoxicating liquor. On March 14, 1983, upon being arraigned in the municipal court of Omaha, Douglas County, Nebraska, a plea of not guilty was entered. Thereafter, Mercer reappeared in court with his counsel and, with the court's permission,

165

withdrew his plea of not guilty and entered a plea of nolo contendere. After reviewing the record and advising Mercer of all of his constitutional rights, the court accepted Mercer's plea and found that there was a factual basis to find Mercer guilty as charged. The court further accepted and received into evidence certified copies of prior convictions of driving while intoxicated, for the purpose of sentencing. The court then sentenced Mercer to a term of 90 days in the county jail, a fine of $500, and ordered his driver's license permanently revoked. Mercer appealed his conviction to the district court for Douglas County, Nebraska, whereupon the judgment and sentence were affirmed. After the district court announced the affirmance of the judgment of the municipal court, counsel for Mercer, on the record, in an informal discussion with the court, said, "Your Honor, we plan to take this matter up to the Supreme Court of the State of Nebraska to test the constitutionality of the statute, the section of the statute specifically with regard to cruel and unusual punishment as to the nature of lifetime suspension. . . ." This was the first indication anyone had given, in either the municipal court or the district court, that any constitutional issue was being raised.

Now, on appeal to this court, the defendant formally assigns, for the first time, a single error to the effect that the trial court erred in imposing a sentence upon the defendant which amounts to cruel and unusual punishment within the ambit of the eighth and fourteenth amendments to the U.S. Constitution.

We believe that in light of our recent decisions in *State v. Olson, ante* p. 130, 347 N.W.2d 862 (1984), and *State v. Ledingham, ante* p. 135, 347 N.W.2d 865 (1984), both of which merely repeated rules earlier adopted and followed by this court, see *State v. Hiross,* 211 Neb. 319, 318 N.W.2d 291 (1982), the assignment is made too late. For a question of constitutionality to be considered on appeal, it must have

been properly raised in the trial court. If it has not been raised in the trial court, it will be considered to have been waived. *State v. Hiross, supra; State v. Schwade,* 177 Neb. 844, 131 N.W.2d 421 (1964). Having therefore waived the constitutional issue, there is no assignment before us for consideration. The judgment of the district court, affirming the sentence of the municipal court, is affirmed.

AFFIRMED.