STATE OF NEBRASKA, APPELLEE, V. HAROLD
LEDINGHAM, APPELLANT.

347 N.W.2d 865

Filed April 27, 1984. No. 83-651.

Donn C. Raymond of Raymond, Olsen, Ediger &
Ballew, P.C., for appellant.

Paul L. Douglas, Attorney General, and John
Boehm, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Harold Ledingham, appeals from a
judgment entered by the county court for Scotts
Bluff County, Nebraska, and thereafter affirmed by
the district court for Scotts Bluff County, finding
Ledingham guilty of discharging sewage waste in
violation of Scotts Bluff County health regulations.
A violation of the regulation is a Class III misde-
meanor. See Neb. Rev. Stat. § 71-1631.01 (Reissue
1981). The county court ordered Ledingham to pay
a fine in the amount of $25, together with costs. On
appeal to the district court the fine was affirmed.
We have reviewed the record and find that the deci-
sion of the county court, affirmed by the district

court, was in all respects correct, and, accordingly, we affirm.

The record discloses that on July 8, 1982, a complaint was filed in the county court for Scotts Bluff County, charging Ledingham with violating § XIII(F)(1) of the Scotts Bluff County Board of Health rules and regulations. The pertinent section of the regulations adopted pursuant to authority granted the county board by Neb. Rev. Stat. § 71-1631(7) (Reissue 1981) provides: "No person shall drain sewage wastes into any stream, lake, ditch or canal, into any abandoned well, into any ground water table or upon any private or public lands of the county." Section 71-1631.01 provides that any person violating any rule or regulation authorized by § 71-1631(7) or (9) shall be guilty of a Class III misdemeanor.

On appeal to this court appellant raises three issues. Two of the issues purport to raise constitutional deficiencies not previously raised before either the county court or the district court. The third assignment maintains that the court erred in finding Ledingham in violation of § XIII(F)(1). A fourth assignment of error maintains that the district court erred in affirming the decision of the county court. This, of course, is just another way of stating the previous assignments.

With regard to the first two assignments of error, involving alleged constitutional violations, we are not in a position as the record is presented to us to pass upon those issues. Recently, in *State v. Olson*, *ante* p. 130, 132, 347 N.W.2d 862, 864 (1984), we said: "[I]t is, and has long been, the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. Except in the most unusual of cases, if it has not been raised in the trial court, it will be considered to have been waived."

A situation somewhat similar to the instant case was presented to us in *State v. Hiross*, 211 Neb. 319,

318 N.W.2d 291 (1982). In *Hiross* the appellant was charged with the crime of contributing to the delinquency of a minor. She entered a plea of not guilty, and trial was had in the county court. Following conviction, she appealed to the district court, whereupon the judgment of the county court was affirmed. In rejecting the appellant's claim that the statute was unconstitutional, we said at 321, 318 N.W.2d at 292:

> Turning to her last and final assignment, that the act itself, § 28-709(1), is unconstitutional, we again note that the issue of the constitutionality of the statute was raised for the first time in the District Court on appeal. We have many times noted that in order for the constitutionality of a statute to be considered by this court, the issue must have been properly raised in the trial court.

In support of our position in *Hiross* we quoted from *State v. Irwin*, 208 Neb. 123, 127, 302 N.W.2d 386, 389 (1981), wherein we said:

> "Defendant did not raise the constitutional issue in the trial court. It is raised for the first time on appeal. For a question of constitutionality of a statute to be considered in this court it must be properly raised in the trial court. If it is not raised in the trial court, it will be considered as waived in this court."

The basis underlying the rule is clear, and the rule is not intended to be arbitrary or intended to put form over substance. In cases of this nature, first the district court and then this court act as appellate courts and not as trial courts. The standard of review in cases appealed from the county court to the district court, and from the district court to this court, is on the record made in the county court, and is not de novo. See Neb. Rev. Stat. § 29-613 (Reissue 1979). In *State v. Smith*, 199 Neb. 368, 371, 259 N.W.2d 16, 17 (1977), we said: "The review of criminal cases in the District Court is limited to an examination of the

record presented for error or abuse of discretion." And in *State v. Clark*, 194 Neb. 487, 490, 233 N.W.2d 898, 900 (1975), we said: "Criminal misdemeanor appeals from the county court are specifically covered by section 29-613, R.S. Supp., 1974, and are restricted to the record made in the lower court."

If, then, the district court is to be able to properly review the question of whether the trial court abused its discretion, and if this court, on further appeal, is to be able to determine whether the district court in reviewing the action of the county court properly exercised its authority, it occurs to us that the trial court must be given the first opportunity to pass upon the question. To hold otherwise would require us to totally ignore the rules with regard to appellate review and make matters on appeal to the district court or on appeal to this court, in effect, de novo. To simply make a general claim on appeal that a statute in question is unconstitutional because it fails to afford due process, without setting out whether the alleged violation is in conflict with either the federal Constitution or the state Constitution, or both, and which section thereof, and to deny the trial court the opportunity to pass upon the matter, is not an appropriate way to conduct either trial courts or appellate courts. Only in the most unusual of cases, and where the error is plain, should courts disregard such rules and consider constitutional issues raised for the first time on appeal to this court.

Having thus determined that we cannot consider the constitutional issues raised in this court, we turn to the question of whether the evidence was sufficient to justify a conviction.

A review of the record discloses that at a minimum there was a conflict in the evidence, though there was sufficient evidence produced by the State to establish a prima facie case. We do not resolve conflicts in the evidence. As we said in *State v. Miner*, 216 Neb. 309, 313, 343 N.W.2d 899, 902 (1984):

In determining the sufficiency of evidence to

sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it.

Ledingham's main complaint in this regard is to the effect that no tests were ever performed upon the waste that was discharged from his septic tanks to determine whether or not in fact the waste constituted a nuisance. Under the provisions of the regulation the State is not required to prove a nuisance. It is merely required to prove the emission of sewage waste. That it did. Under the express language of the regulations the observations made by the State's witnesses were sufficient, if believed by the court, to sustain a conviction. For these reasons, therefore, the decision of the district court affirming the conviction entered by the county court is affirmed.

AFFIRMED.