STATE OF NEBRASKA, APPELLEE, V. GARY K. OLSON, APPELLANT.

347 N.W.2d 862

Filed April 27, 1984. No. 83-621.

John M. Gerrard of Domina Law Firm, P.C., for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant-appellant, Gary K. Olson, pled guilty to third offense drunk driving before the county court for Madison County. He was found guilty and sentenced to serve 3 months in the county jail, to pay a $500 fine, to never drive again in this state for any purpose, to have his driver's license permanently revoked, and to pay court costs. The finding of guilt and the sentence were affirmed on appeal to the district court for Madison County. We affirm the actions of the district court.

The complaint filed February 14, 1983, alleged, among other things, that on February 4 of that year Olson operated a motor vehicle on a public street or highway while under the influence of alcoholic liquor

and that this was the third such offense. On February 15, 1983, Olson appeared with an attorney before County Judge Philip R. Riley. Judge Riley carefully explained Olson's constitutional rights and advised Olson of the potential penalties should he be found guilty of third offense drunk driving. At this time Olson pled not guilty.

On May 3, 1983, Olson again appeared before Judge Riley with a second attorney who practiced in the same firm as the one who first appeared in the case. A charge of refusing to submit to a chemical test was dismissed. Olson withdrew his plea of not guilty to the third offense drunk driving charge and entered a plea of guilty. Judge Riley properly found that there was a factual basis for such plea and accepted it. The record on the issue of guilt reflects that Olson had been convicted of drunk driving under this state's statutes on two prior occasions, once on June 28, 1977, and again on February 5, 1980, for offenses occurring on March 19, 1977, and December 16, 1979, respectively. The record also affirmatively shows that he was represented by counsel on each of those occasions.

On appeal to the district court for Madison County, Olson's present attorney asserted for the first time that the penalties specified by Neb. Rev. Stat. § 39-669.08(4)(c) (Cum. Supp. 1982) are unconstitutional. Since that statute deals with persons who refuse to submit to chemical tests, a charge which was dismissed here, we assume that counsel refers to Neb. Rev. Stat. § 39-669.07(3) (Cum. Supp. 1982), which concerns itself with the penalties for persons operating or being in the actual physical control of any motor vehicle while under the influence of alcoholic liquor. Section 39-669.07(3) provides in pertinent part as follows:

> If such person (a) has had two or more convictions under this section since July 17, 1982, (b) has been convicted two or more times under this section as it existed prior to July 17, 1982,

(c) has been convicted two or more times under a city or village ordinance enacted pursuant to this section either prior or subsequent to July 17, 1982, or (d) has been convicted as described in subdivisions (3)(a) to (3)(c) of this section a total of two or more times, such person shall be guilty of a Class W misdemeanor and the court shall, as part of the judgment of conviction, order such person to never again drive any motor vehicle in the State of Nebraska for any purpose from the date of his or her conviction, and shall order that the operator's license of such person be permanently revoked.

If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of one year, and such order of probation shall include as one of its conditions confinement in the city or county jail for seven days.

In this appeal Olson assigns three errors to the actions of the district court: (1) The failure to consider the constitutionality of "the sentencing portion" of the subject statute; (2) The failure to find that portion of the statute unconstitutional; and (3) The imposition of an excessive sentence.

As to the first assignment of error, it is, and has long been, the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. Except in the most unusual of cases, if it has not been raised in the trial court, it will be considered to have been waived. *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982); *State v. Schwade*, 177 Neb. 844, 131 N.W.2d 421 (1964).

Olson argues, however, that the rule does not apply because the sentencing proceeding in the district court is a thing separate and apart from that in

which it is determined that the conviction should be affirmed. Accordingly, he argues, the sentencing proceeding is "a fresh stage which provides the District Court wide latitude in affirming or modifying the lower Court's sentence." Moreover, he argues, the rule is particularly inapplicable where Olson has retained different counsel for the district court appeal. Brief for Appellant at 8.

Olson cites no authority for his assertion that on appeal from the county court the district court's sentencing power is something separate and apart from its authority to review the finding of guilt. In point of fact, the law is to the contrary. Neb. Rev. Stat. § 29-613 (Reissue 1979) provides: "The district court shall hear and determine any cause brought by appeal from a county or municipal court upon the record, and may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial." See, also, Neb. Rev. Stat. § 24-541.06(1) (Cum. Supp. 1982).

We have held that the review by the district court of a county court criminal judgment is limited to an examination of the record presented for error or abuse of discretion. *State v. Smith*, 199 Neb. 368, 259 N.W.2d 16 (1977). Therefore, the district court may modify a sentence imposed by the county court only where the county court has so abused its discretion as to render its sentence an error upon the record presented. The fact that the district court elected in this case to make its analysis of the county court sentence in a proceeding separate and apart from that in which it first determined there was no other error "upon the record" is of no moment. Such a procedure did not present the district court with the "fresh stage" suggested by Olson. The district court was still functioning as an appellate court reviewing the record made in the county court. *State v. Smith, supra.* See, also, *State v. Ferris*, 216 Neb. 606, 344 N.W.2d 668 (1984).

The suggestion that the rule requiring constitu-

tional issues to be raised in the trial court may be circumvented by the simple expedient of changing one's attorney between the various levels of courts is supported neither by authority nor logic.

There are no reasons for departing from the ordinary rule in this case. Olson, by pleading guilty in the county court, was able to bargain away the charge of refusing to submit to a chemical test. If Olson had raised the constitutional question in the trial court, it is certainly questionable whether the plea bargain would have been accepted by the State. The State necessarily gave up some of its rights in relying on defendant's conduct at the plea hearing in the trial court. Olson should not be able to take advantage of the constitutional question at later stages of the proceedings against him.

The district court correctly concluded that it was not the trial court, and, therefore, constitutional issues could not be raised before it for the first time.

Having determined that Olson's first assignment of error is without merit, we do not reach the constitutional issues presented by his second assignment.

As to his third assignment, a sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Pierce and Wells*, 215 Neb. 512, 340 N.W.2d 122 (1983). The presentence report shows that, in addition to a variety of other motor vehicle offenses, Olson has been convicted five times for drunk driving and has been on probation at least three times. In the face of such a record there is no merit in the argument that Olson's sentence is somehow excessive.

AFFIRMED.