STATE OF NEBRASKA, APPELLEE, V. GEORGE J. TICHOTA, APPELLANT.

356 N.W.2d 85

Filed October 5, 1984.    No. 84-217.

Tim B. Streff and Jon S. Okun of Higgins & Okun, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This appeal involves primarily a defendant's rights in connection with a proceeding for enhancement of a charge of driving while under the influence of alcohol.

The defendant was charged in three separate complaints: (1) Driving while intoxicated, third offense, November 1, 1983; (2) Third degree assault, October 29, 1983; and (3) Driving while intoxicated, third offense, and refusal to submit to a chemical test, November 25, 1983. He was found guilty in the county court for Colfax County after pleas of no contest. He was sentenced on the first complaint to 6 months in jail and was ordered not to operate any motor vehicle during his lifetime, and on the second complaint, for assault, to 2 years of probation and 30 days in the county jail consecutive to complaint No. 1. On the third complaint he was placed on 5 years' probation, concurrent with complaint No. 2, and was ordered to perform 500 hours of community service for the city of Clarkson, Nebraska, such penalty apparently to cover both counts collectively. On appeal to the district court all sentences were affirmed, except the community service ordered was reduced to 200 hours.

On appeal to this court the defendant attacks the findings of the court as to prior DWI convictions, the failure of the trial court to advise the defendant as to the penalties for first, second, or third offense refusal to submit to a chemical test, and the failure of the court to find the defendant's plea to the assault charge was not voluntary and intelligent and to allow withdrawal of such plea.

*State v. Smyth*, 217 Neb. 153, 347 N.W.2d 859 (1984), provides that although proof of prior convictions for DWI, third offense, may be waived by the voluntary and intelligent admission of the defendant, nevertheless there must be proof in the record in some form that the prior convictions were obtained at a time when the defendant was represented by counsel or had knowingly waived such right. See, also, *State v. Baxter, ante* p. 414, 355 N.W.2d 514 (1984).

In each case involving DWI, third offense, the defendant stated that he did not deny the prior convictions. However,

there is absolutely no proof in the record, by admission or otherwise, that the defendant had been represented or had waived counsel on those previous occasions. An equivocal admission by the defendant that one or more of the convictions might have been the result of a jury trial is not sufficient to establish that the defendant had an attorney.

Although the convictions for driving while intoxicated, pursuant to the no contest pleas, were proper, the court's sentences for third offense are not supported by the record, and those causes are reversed and remanded to the trial court for sentencing in accordance with law.

The defendant also contends that by analogy, under the rule laid down in *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), the court must advise a defendant who is charged under Neb. Rev. Stat. § 39-669.08 (Cum. Supp. 1982) of the penalties for first, second, or third offense refusal to submit to a chemical test. We agree. The court in this instance advised him only of the penalty for first offense, which was all that he was charged with and of which he was found guilty. To that extent there was no error. However, because the conviction for DWI, third offense, the other count in this complaint, has been reversed, neither of the convictions as they stand will support a sentence of 5 years' probation. Neb. Rev. Stat. § 29-2263(1) (Reissue 1979). Therefore, that cause is also reversed and remanded for proper sentencing.

Finally, as to the complaint involving third degree assault, it is apparent from the record that the incident which defendant and his counsel understood formed the basis of the charge was at a different time and place than the one which the prosecution eventually established in providing a factual basis for the plea. When the mistake was discovered, defendant's counsel requested leave to withdraw the plea. The request was denied. It should have been granted. *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983). The judgment and sentence are reversed, and that cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.