STATE OF NEBRASKA, APPELLEE, V. LEO G. KAISER, APPELLANT.
356 N.W.2d 890

Filed October 26, 1984.   No. 84-320.

Anthony S. Troia of Troia Law Offices, P.C., for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The appellant, Leo G. Kaiser, was charged in the municipal court of Omaha, Douglas County, Nebraska, with fifth offense drunk driving. Kaiser pled guilty to the crime of operating a motor vehicle under the influence of intoxicating liquor. Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982). Before accepting

Kaiser's plea, the trial court advised him of the possible penalties for first, second, and third offense DWI, advised him of his constitutional rights per *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), and accepted the police reports of the offense to provide a factual basis for the plea.

During the enhancement hearing, the State offered evidence which proved that Kaiser had at least two prior DWI convictions in which he was represented by counsel or had voluntarily waived such a right. *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Tichota, ante* p. 444, 356 N.W.2d 85 (1984). Kaiser was then found guilty of fourth offense drunk driving and was sentenced to 90 days in the county jail, fined $500, and ordered never again to operate or drive a motor vehicle in the State of Nebraska for any purpose, thereby permanently revoking Kaiser's operator's license. Kaiser's conviction and sentence were affirmed by the district court.

On appeal to this court Kaiser's single assignment of error is that the trial court erred in imposing a sentence upon the defendant which amounts to cruel and unusual punishment within the ambit of the eighth and fourteenth amendments to the U.S. Constitution.

Whatever consideration Kaiser's position may merit, we need not decide the issue as it is not properly before us. This court has previously held that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court and, if not so raised, will be considered to have been waived, except in the most unusual of cases. *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982); *State v. Smyth*, 217 Neb. 153, 347 N.W.2d 859 (1984); *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862 (1984); *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984); *State v. Mercer*, 217 Neb. 164, 347 N.W.2d 868 (1984).

Kaiser concedes that the constitutionality of the statute was not raised at trial court level. Rather, he argues:

> The fact that the issue of the unconstitutionality of the penalty Appellant received was raised on a de novo on the record appeal, and that the District Court had authority to receive new objections and defenses on a de novo on the

record appeal, distinguishes the case at bar from State vs. Mercer, [*supra*], and related cases where the Court has held that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court.

Brief for Appellant at 3-4.

The fallacy with this argument, however, is that appeals in criminal matters from the municipal court to the district court are not reviewed de novo upon the record; rather, they are reviewed "for error appearing on the record made in the county or municipal court." Neb. Rev. Stat. § 24-541.06(1) (Cum. Supp. 1982); *State v. Hatfield, ante* p. 470, 356 N.W.2d 872 (1984); *State v. Smith*, 199 Neb. 368, 259 N.W.2d 16 (1977). The district court in the instant case was functioning as an appellate court and not as a trial court; thus, it was restricted in its review to the record made in the lower court. *State v. Ledingham, supra; State v. Mercer, supra.*

Having waived the constitutional issue, there is no assignment of error properly before us. The judgment of the district court affirming the conviction and sentence of the municipal court is affirmed.

AFFIRMED.