STATE OF NEBRASKA, APPELLEE, V. GEWING BRAND, APPELLANT.
363 N.W.2d 516

Filed March 1, 1985. No. 84-427.

Lathrop, Albracht & Lathrop, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, and, on supplemental brief, Patrick T. O'Brien, Deputy Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Gewing Brand, was charged with sexual assault in the first degree, second offense. The court accepted his plea of guilty to the sexual assault, which was accomplished by the use of force, and at a separate enhancement hearing determined that he had once previously been sentenced for first degree sexual assault. The trial judge thereupon sentenced Brand on the present charge to imprisonment for 35 years without the possibility of parole. Brand was also determined to be a mentally disordered sex offender and was therefore ordered to begin serving his sentence at the Lincoln Regional Center, where he is to stay until he is no longer such or until he has received the maximum benefit from his treatment. In this appeal Brand's assignments of error present the issue of whether the sentence is so excessive as to constitute cruel and unusual punishment. We hold it is not, and affirm.

The statute under which Brand was sentenced, Neb. Rev. Stat. § 28-319 (Reissue 1979), provides in pertinent part as follows:

> (1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in the first degree.
>
> (2) Sexual assault in the first degree is a Class II felony. The sentencing judge shall consider whether the actor shall have caused serious personal injury to the victim in reaching his decision on the sentence.
>
> (3) Any person who shall be found guilty of sexual assault in the first degree for a second time shall be sentenced to not less than twenty-five years and shall not be eligible for parole.

As a Class II felony, the crime of first degree sexual assault is punishable by a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1979).

Brand argues that § 28-319, as applied in this particular case, is unconstitutional in that it violates the prohibitions against cruel and unusual punishment contained in the eighth amendment to the U.S. Constitution and article I, § 9, of the Nebraska Constitution. He further argues that it violates the requirement of article I, § 15, of the Nebraska Constitution that all penalties be proportioned to the nature of the offense. To the extent his argument may be directed to the claim that the statute is unconstitutional by its terms, it is a claim not presented to the trial court and, thus, will not be considered here. Except in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived. *State v. Kaiser*, 218 Neb. 556, 356 N.W.2d 890 (1984).

*Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), sets forth the factors to be considered in evaluating whether a sentence constitutes cruel and unusual punishment under the federal Constitution. They are (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.

As to the first prong of this analysis, it is clear that rape is a

serious crime, even more so when the defendant has previously committed the same act. Although holding that a sentence of death for the rape of an adult female was grossly disproportionate and excessive punishment forbidden by the eighth amendment, the U.S. Supreme Court, in *Coker v. Georgia*, 433 U.S. 584, 597, 97 S. Ct. 2861, 53 L. Ed. 2d 982 (1977), said that rape

> is highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established. Short of homicide, it is the "ultimate violation of self."

*Gregg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976), teaches that legislatures are not required to select the least severe penalty possible, so long as the penalty selected is not cruelly inhumane or disproportionate to the crime involved.

We must next look at the sentences authorized in Nebraska for other crimes. Other Class II felonies include kidnaping if the abducted is voluntarily released, Neb. Rev. Stat. § 28-313(3) (Reissue 1979); robbery, Neb. Rev. Stat. § 28-324 (Reissue 1979); and first degree arson, Neb. Rev. Stat. § 28-502 (Cum. Supp. 1984). Kidnaping where the victim is not voluntarily liberated, § 28-313(1), and first degree murder, Neb. Rev. Stat. § 28-303 (Reissue 1979), are Class 1A felonies punishable by life imprisonment. First degree murder may also be a Class I felony punishable by death. Second degree murder, Neb. Rev. Stat. § 28-304 (Reissue 1979), is a Class 1B felony punishable by 10 years' to life imprisonment. Crimes which are defined as Class III felonies and receive a less severe sentence, of from 1 to 20 years or a $25,000 fine, include manslaughter, Neb. Rev. Stat. § 28-305 (Reissue 1979); first degree assault, Neb. Rev. Stat. § 28-308 (Reissue 1979); second degree sexual assault, Neb. Rev. Stat. § 28-320(2) (Reissue 1979); second degree arson, Neb. Rev. Stat. § 28-503 (Cum. Supp. 1984); and burglary, Neb. Rev. Stat. § 28-507 (Reissue 1979). See § 28-105 for classification of penalties.

The sentence imposed for the second offense first degree

sexual assault in this case is not disproportionate when considered in light of the sentences authorized for the crimes enumerated above.

Enhancing the sentence because of the prior conviction also is not cruel and unusual punishment. The habitual criminal statute, which in substance has the same effect, has been upheld against similar constitutional attacks. *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980); *State v. Goodloe*, 197 Neb. 632, 250 N.W.2d 606 (1977), *overruled on other grounds* 204 Neb. 41, 281 N.W.2d 223 (1979); *State v. Martin*, 190 Neb. 212, 206 N.W.2d 856 (1973).

Brand argues that life imprisonment, which could be imposed for kidnaping, first degree murder, or possibly second degree murder, is actually less severe than the sentence authorized in his case, since he does not have the possibility of parole. However, convicted felons do not have an absolute right to parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), interpreting Nebraska's parole statutes, held: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. at 7. The Court went on to stress the discretionary nature of parole by stating: "[T]here is no prescribed or defined combination of facts which, if shown, would mandate release on parole." *Id*. at 8. Further, the Court stated: "That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Id*. at 11.

It follows, therefore, that those convicted of kidnaping or first or second degree murder have no right to parole, and there is no guarantee that they will ever be paroled. Such a life sentence, therefore, is not necessarily less severe than the 35-year term Brand received. See, also, *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960), which upheld the constitutionality of a federal statute forbidding the suspension of a sentence or the granting of probation in cases of certain violations of the Narcotic Drugs Import and Export Act, 21 U.S.C. §§ 171 et seq. (1956), but did not exact a penalty so out of proportion to the crime as to shock a balanced sense of justice.

The third and last prong of the federal analysis calls upon us to compare the sentence imposed with that authorized by other states. Such a review reveals that although the sentence imposed in this case is among the harsher of the penalties authorized by any state, it is not so disproportionate as to render it cruel and unusual punishment and thus unconstitutional. For example, Florida authorizes life imprisonment if force likely to cause serious personal injury is used, Fla. Stat. Ann. §§ 775.082(3)(a) (West Supp. 1984) and 794.011(3) (West 1976); Georgia, Idaho, Maryland, and Washington authorize life imprisonment, Ga. Code Ann. § 16-6-1(b) (1984), Idaho Code § 18-6104 (1979), Md. Crim. Law Code Ann. §§ 462 and 464 (Repl. 1982), Wash. Rev. Code Ann. §§ 9A.44.040 and 9A.20.021 (West Supp. 1985); Louisiana authorizes life imprisonment without parole, probation, or suspension of sentence if force or threats of force are used, La. Rev. Stat. Ann. § 14:42 (West Supp. 1985); and North Carolina authorizes life imprisonment if force is used, N.C. Gen. Stat. §§ 14-27.2 and 14-1.1(a)(2) (Repl. 1981).

The foregoing analysis convinces us that the sentence imposed upon Brand pursuant to § 28-319 passes federal constitutional muster. We find nothing in article I, § 9 or 15, of the Constitution of this sovereign state which requires more in this regard than does the eighth amendment to the U.S. Constitution. As recently noted in *State v. Ruzicka*, 218 Neb. 594, 598, 357 N.W.2d 457, 461 (1984), the Nebraska constitutional prohibition against cruel and unusual punishment "does not abridge the Legislature's power to select such punishment as it deems most effective in the suppression of crime." Neither does the requirement that all penalties be proportioned to the nature of the offense do so.

It is well established that a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984); *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984). The sentence imposed is well within the statutory limits. Brand has a long arrest record, including a prior first degree sexual assault conviction and a conviction of second degree sexual assault which had been reduced from a charge of first degree sexual assault. He also has convictions for burglary, larceny from the person, and possession of

marijuana. Brand committed several of these crimes, including the two prior sexual assaults, while on parole for other crimes. Furthermore, when the present sexual assault was committed, Brand was on a 72-hour furlough from a work release program.

There being no abuse of discretion in the sentence imposed, it is affirmed.

AFFIRMED.