STATE OF NEBRASKA, APPELLEE, V. MARVIN E. HUNTER, APPELLANT.

367 N.W.2d 122

Filed May 3, 1985. No. 84-746.

Anthony S. Troia, for appellant.

A. Eugene Crump, Deputy Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a plea of no contest, the municipal court of the city of Omaha found defendant guilty of third offense driving while intoxicated. A sentence of 90 days in jail, a $500 fine, and a lifetime suspension of defendant's driving privileges was imposed.

Immediately following the sentencing, defendant's counsel, by way of an oral motion to reconsider, attacked the penalty statute, Neb. Rev. Stat. § 39-669.07(3) (Reissue 1984), as being unconstitutional as a violation of the due process clause and the equal protection clause. Upon the overruling of the motion, defendant appealed to the district court.

In the district court defendant reiterated his contentions as to due process and equal protection, and added a claim that the sentence of a lifetime suspension of driving privileges constituted cruel and unusual punishment. The district court affirmed. On appeal to this court defendant assigns as his sole error the claim that the sentence constituted cruel and unusual punishment. We affirm.

A constitutional question not raised at the initial trial in the municipal court forecloses the appellant from raising such question in the district court or this court. *State v. Kaiser*, 218 Neb. 556, 356 N.W.2d 890 (1984); *State v. Mercer*, 217 Neb. 164, 347 N.W.2d 868 (1984); *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984); *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862 (1984).

There is no issue for this court to decide. The judgment of the district court is affirmed.

AFFIRMED.