STATE OF NEBRASKA, APPELLEE, V. MELVIN L. MOORE, APPELLANT.
411 N.W.2d 345

Filed August 28, 1987. No. 86-1045.

Dorothy A. Walker of Mowbray, Chapin & Walker, P.C., for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

SHANAHAN, J.

Melvin L. Moore appeals his convictions for disturbing the peace and quiet of others, a violation of Lincoln Mun. Code § 9.52.030 (1984), and resisting arrest, a violation of Lincoln Mun. Code § 9.12.040 (1984). We affirm.

At approximately 1 a.m. on July 29, 1986, Lincoln Police

Officer Don L. Marti responded to a complaint of a disturbance at a house identified as 615 South 21st Street, in a Lincoln residential neighborhood. On arrival at the scene, Marti initially stopped his cruiser 75 to 100 feet away from the house and heard noise coming from the house's front yard, that is, people talking and laughing very loudly in what Officer Marti characterized as "party noise." Marti then stopped his cruiser on the street in front of the house, but could not see the individuals who were making the noise, since they were in a darkened part of the yard. When he had stopped his cruiser, Officer Marti shined the cruiser's spotlight on the front of the house, lighting the area where the individuals were standing, and then observed four males in the front yard, who were drinking from some unidentifiable type of beverage bottles.

As Officer Marti was getting out of his cruiser, Moore ran up to the cruiser and yelled, "What the fuck are you doing here? You've got no business here. Get the fuck out of here." Officer Marti testified that Moore

> continued to yell at me and I finished getting out of my cruiser and he was right up in my face. It was difficult to get out of my car, in fact. And I explained or tried to explain to the defendant that I was there on a disturbance call which seemed to even make him madder. . . . And I asked him for some identification and he refused to do that. And he kept yelling at me.

Moore continued "yelling and screaming" and "flailing his arms around" as Officer Lyle A. Lacy, another Lincoln policeman dispatched on the disturbance call, arrived at the scene. Officer Lacy tried to calm Moore and asked him to move away from Officer Marti so that Officer Lacy could speak with Moore. Officer Lacy attempted to move Moore away from Officer Marti on at least three occasions, but Moore kept running back to Officer Marti, yelling at him and poking his finger in Marti's face. Officer Marti described the incident:

> Finally, I think maybe the second or third time that he came running back at me and poking his finger in my face yelling, I told Mr. Moore that he was under arrest and he stated, "Don't touch me," and started to back away. I followed Mr. Moore for a few steps. I told him he was

under arrest and I reached out and I grabbed ahold of his left arm. At which time Mr. Moore grabbed me by the front of the shirt with one arm and by the neck with his other hand. And at that point the fight was really on. We grappled with Mr. Moore and the other three parties who were in the front yard started grabbing onto us. And other people came from outside — from inside the house and began grabbing onto us. We called for additional units. And I would say maybe two to three minutes elapsed before other units could get there. At which time the majority of the other people retreated inside the house and locked the door. And Mr. Moore was finally subdued and placed in the cruiser by Officer Lacy.

Officer Lacy testified that Officer Marti "told Mr. Moore he was under arrest for disturbing the peace." Immediately after such statement to Moore, "Officer Marti put his hand out and touched Mr. Moore on the arm," as testified by Officer Lacy. Both officers were in police uniform during their contact with Moore.

After finding Moore guilty of disturbing the peace and resisting arrest, the trial court sentenced Moore to pay fines of $10 and $75, respectively, on the convictions. On appeal to the district court for Lancaster County, Moore's convictions and sentences were affirmed. Moore appeals his convictions to this court, assigning as error and arguing that the municipal ordinances under which he was convicted are constitutionally invalid; that his conviction for resisting arrest was contrary to the Nebraska statutory scheme governing justification for use of force; that his conviction for disturbing the peace was based solely upon speech which is protected by the 1st and 14th amendments to the U.S. Constitution; and that there was insufficient evidence as a matter of law to sustain his convictions beyond a reasonable doubt.

While Moore claims that the municipal ordinances under which he was convicted are unconstitutional, the question of constitutionality of those ordinances was not presented to the trial court and, therefore, will not be considered on appeal. "Except in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been

properly raised in the trial court. If not so raised, it will be considered to have been waived." *State v. Brand*, 219 Neb. 402, 404, 363 N.W.2d 516, 518 (1985). See, also, *State v. Fleming*, 223 Neb. 169, 388 N.W.2d 497 (1986); *State v. Hunter*, 219 Neb. 850, 367 N.W.2d 122 (1985); *State v. Kaiser*, 218 Neb. 556, 356 N.W.2d 890 (1984). Although Moore did not question the constitutionality of the ordinances during his trial, Moore contends that the constitutionality issue was raised during his appeal to the district court and, therefore, should be addressed by this court. A similar contention was rejected in *State v. Kaiser, supra*, where we stated at 558, 356 N.W.2d at 892:

> The fallacy with this argument, however, is that appeals in criminal matters from the municipal court to the district court are not reviewed de novo upon the record; rather, they are reviewed "for error appearing on the record made in the county or municipal court." Neb. Rev. Stat. § 24-541.06(1) [Reissue 1985] . . . . The district court in the instant case was functioning as an appellate court and not as a trial court; thus, it was restricted in its review to the record made in the lower court.

(Citations omitted.) See, also, *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987); *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987); *State v. Daniels*, 224 Neb. 264, 397 N.W.2d 631 (1986); *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984).

Neb. Rev. Stat. § 28-1412 (Reissue 1985) states in part:

> (1) Subject to the provisions of this section and of section 28-1414, the use of force upon or toward the person of another is justifiable when the actor is making or assisting in making an arrest and the actor believes that such force is immediately necessary to effect a lawful arrest.

> (2) The use of force is not justifiable under this section unless:

> (a) The actor makes known the purpose of the arrest or believes that it is otherwise known by or cannot reasonably be made known to the person to be arrested; and

> (b) When the arrest is made under a warrant, the

warrant is valid or believed by the actor to be valid.

Neb. Rev. Stat. § 28-1409 (Reissue 1985) states in part:

> (1) Subject to the provisions of this section and of section 28-1414, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.
>
> (2) The use of such force is not justifiable under this section to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful.

Moore argues that Officer Marti initiated the use of force by grabbing Moore's arm, that Officer Marti did not advise Moore as to the reason for his arrest, and that the use of force in law enforcement is justifiable only if the arrest is made under a warrant. Moore's arguments are unpersuasive. Officer Marti's contact with Moore consisted of official restraint in connection with the announced arrest for disturbing the peace and prevention of Moore's departure from Marti, the arresting officer. Any of Officer Marti's additional physical contact with Moore was, under the circumstances, force justifiable in defense of Moore's assault on the officer.

Although Officer Marti did not have an arrest warrant for Moore, the arrest of Moore was lawful.

> The lawfulness of an arrest without a warrant must be based on probable cause, which exists where "facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed." *State v. Harrison*, 218 Neb. 532, 535, 357 N.W.2d 201, 204 (1984). . . . "If the facts available to the officer at the time of the arrest would warrant a man of reasonable caution in the belief the action was appropriate, then probable cause exists." *State v. Hack and Callans*, 212 Neb. 406, 408, 322 N.W.2d 806, 808 (1982). Thus, the key to a lawful arrest without a warrant is reasonable or probable cause that a person has committed a crime.

*State v. Roggenkamp*, 224 Neb. 914, 919, 402 N.W.2d 682, 686

(1987). On the facts known to Officer Marti at the time of the arrest, there was probable cause to believe that Moore had committed the offense of disturbing the peace.

Officer Marti's use of force was justified and authorized under § 28-1412. Moore was informed of the reason for Officer Marti's presence at the scene and was later informed of the reason for the arrest by Officer Marti. Also, under the circumstances presented in this case, the force used by Moore was clearly prohibited by § 28-1409(2), inasmuch as Moore knew that the arrest was being made by a peace officer. Moore's assignment of error regarding Officer Marti's lack of justification for use of force and justification for Moore's use of force is without merit.

Moore argues that his conviction for disturbing the peace was based solely upon speech which is protected by the 1st and 14th amendments to the U.S. Constitution. Nothing in the record supports Moore's claim that he was arrested for disturbing the peace solely as the result of his using the word "fuck" while yelling at Officer Marti. We need not, and do not, decide whether Moore's use of such word under the circumstances was constitutionally protected speech. The record clearly shows that the basis for Moore's arrest for disturbing the peace was his conduct in the presence of Officer Marti, such as yelling at, threatening, and violently arguing with the officer. Moore's assignment of error concerning a claim of protected speech has no merit.

Moore's final assignment of error is that there was insufficient evidence to support his convictions.

> [I]n determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. . . . Further, in a case tried to the court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant, and this court will not overturn

such a decision where there is sufficient material, competent, and relevant evidence to sustain the judgment. *State v. Schroder*, 218 Neb. 860, 869-70, 359 N.W.2d 799, 806 (1984). There is sufficient evidence to sustain Moore's convictions, and, therefore, the judgment of the district court is affirmed.

AFFIRMED.