STATE OF NEBRASKA, APPELLEE, V. TINA L. MOORE, APPELLANT.
458 N.W.2d 232

Filed July 27, 1990.   No. 89-858.

J. Mark Barnett for appellant.

Robert M. Spire, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Tina L. Moore, was convicted in county court of theft by shoplifting, in violation of Neb. Rev. Stat. § 28-511.01(1)(a) (Reissue 1989), and fined $150. Upon appeal to the district court, the judgment was affirmed. She has now appealed to this court, contending that the evidence was insufficient to sustain her conviction and that the district court erred in failing to consider her constitutional objection to § 28-511.01, in limiting the scope of her cross-examination, and in imposing an excessive sentence.

The Supreme Court will sustain a criminal conviction if,

taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Thayer, ante* p. 70, 453 N.W.2d 474 (1990); *State v. Carter*, 234 Neb. 378, 451 N.W.2d 271 (1990).

Section 28-511.01 provides, in part:

(1) A person commits the crime of theft by shoplifting when he or she, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession of such property or its retail value, in whole or in part, does any of the following:

(a) Conceals or takes possession of the goods or merchandise of any store or retail establishment.

The record shows that the offense took place at a 1/2 Price Store in Omaha, Nebraska. The loss control manager for the store testified that he saw the defendant enter the earring department and select a pair of earrings. She took the earrings off their display card, looked around in several directions, and put the earrings on her ears. The defendant then threw the empty earring display card into the bottom of her shopping cart, selected four more pairs of earrings, and put them in the cart with the empty card.

While the defendant was in the women's department, she dropped the empty earring display card on the floor. She was still wearing the earrings when she went to the checkout counter. The defendant purchased several other items, did not pay for the earrings, and left the store. The price of the earrings was $4.99. She was apprehended by the loss control manager, who called the police. While the manager was on the telephone, the defendant admitted that she had purposely taken the earrings.

The State's evidence, which has been summarized, was sufficient, if believed, to support the defendant's conviction for shoplifting.

In her second assignment of error, the defendant claims the district court erred in failing to consider her constitutional objection to § 28-511.01, which was not raised in the trial court.

The rule is that " '[e]xcept in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it

will be considered to have been waived.' " *State v. Moore*, 226 Neb. 347, 349-50, 411 N.W.2d 345, 348 (1987) (quoting *State v. Brand*, 219 Neb. 402, 363 N.W.2d 516 (1985)). See, also, *State v. Jordan*, 229 Neb. 563, 427 N.W.2d 796 (1988). The defendant claims that this rule is arbitrary and capricious and in violation of the due process clauses of U.S. Const. amend. XIV and Neb. Const. art. I, § 3.

Similar contentions were addressed in *State v. Moore, supra*. In that case, the defendant was convicted of disturbing the peace and quiet of others and resisting arrest, both in violation of the Lincoln Municipal Code. Moore failed to question the constitutionality of the ordinances during his trial, but claimed that the constitutionality issue was raised during his appeal to the district court and, therefore, should be addressed by this court. In *State v. Moore, supra* at 350, 411 N.W.2d at 348, we said:

A similar contention was rejected in *State v. Kaiser*, [218 Neb. 556, 356 N.W.2d 890 (1984)], where we stated at 558, 356 N.W.2d at 892:

"The fallacy with this argument, however, is that appeals in criminal matters from the municipal court to the district court are not reviewed de novo upon the record; rather, they are reviewed 'for error appearing on the record made in the county or municipal court.' Neb. Rev. Stat. § 24-541.06(1) [Reissue 1985] . . . . The district court in the instant case was functioning as an appellate court and not as a trial court; thus, it was restricted in its review to the record made in the lower court."

Neb. Rev. Stat. § 24-541.06 (Reissue 1985) has been revised and transferred to Neb. Rev. Stat. § 25-2733 (Reissue 1989) and now provides that "[i]n all cases other than appeals from the Small Claims Court, the district court shall review the case for error appearing on the record made in the county court or on the record made, if prior to July 1, 1985, in the municipal court."

Although the defendant claims that the foregoing rule is inconsistent with our rules governing plain error on the record and defects in informations, her arguments are without merit. In *State v. Thomas*, 229 Neb. 635, 640, 428 N.W.2d 221, 225

(1988), we said:

> Plain error may be found on appeal when an error, unasserted or uncomplained of at trial, *but plainly evident from the record*, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process.

(Emphasis supplied.)

In *Nelson v. State*, 167 Neb. 575, 582-83, 94 N.W.2d 1, 6 (1959) (citing *Hunt v. State*, 143 Neb. 871, 11 N.W.2d 533 (1943)), we said that "an objection to an information may be raised for the first time on appeal where so defective that by no construction can it be said to charge the offense for which accused was convicted." An information, however, is part of the record of the trial court.

Pursuant to § 25-2733, appellate courts in Nebraska are limited to considering errors which appear on the record from the trial court and may not consider errors not found in the record. By failing to raise her constitutional objection in the trial court, the defendant waived her right to do so in the district court and in this court. Her assignment of error is without merit.

The defendant next contends that the trial court erred in limiting the scope of her cross-examination. The scope of cross-examination of a witness rests largely in the discretion of the trial court, and its rulings will be upheld on appeal absent an abuse of discretion. *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989).

Specifically, the defendant complains that the court should have allowed trial counsel more latitude in cross-examining the loss control manager about his conversation with the defendant after the defendant's apprehension. The witness was first asked whether the defendant had told him of her concerns regarding this offense. The trial court properly sustained the State's objection on the ground of relevancy. The witness was later asked whether he made any personal comments to the defendant. When defendant's trial counsel was asked to defend the relevance of her line of questioning, her response was, "I'd just like to know, Judge." In a second line of questioning,

defendant's trial counsel attempted to cross-examine the loss control manager as to whether he had advised the defendant of her *Miranda* rights. The trial judge properly sustained the State's objection to these questions.

The trial court did not abuse its discretion in limiting cross-examination to relevant issues. The defendant's assignment is without merit.

Finally, the defendant complains that the trial court erred in sentencing her by formulating the sentence based upon consideration of the fact that she maintained her innocence throughout the trial of this matter. The record shows that after finding the defendant guilty as charged, the trial judge asked the defendant whether she had anything to say before sentence was pronounced. The defendant replied, "I didn't do it. That was not my intentions." The court's subsequent remarks were not a criticism of the defendant's maintaining her innocence throughout the trial, but an observation that the defendant failed to express any remorse for her actions even after having been found guilty beyond a reasonable doubt.

The crime for which the defendant was convicted is a Class II misdemeanor. See Neb. Rev. Stat. § 28-518 (Reissue 1989). The maximum penalty for a Class II misdemeanor is 6 months' imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 1989). The defendant was ordered to pay a $150 fine. Sentences imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Shepherd, ante* p. 426, 455 N.W.2d 566 (1990). The trial court did not abuse its discretion in sentencing the defendant.

The judgment of the district court, affirming the judgment of the county court, is affirmed.

AFFIRMED.