REQUESTED BY: Hon. Ray Mossey, Senator, Nebraska State Legislature
You have presented two questions regarding the constitutionality of a proposed amendment (LB 851) to Neb.Rev. Stat. § 29-901.01. Section29-901.01 as amended would state in pertinent part (amended language underlined):
In determining which condition or conditions of release shall reasonably assure appearance, the judge shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the defendant's family ties, employment, financial resources, character, and mental condition, the length of his or her residence in the community, his or her record of convictions, and his or her record of appearances at court proceedings or of flight to avoid prosecution or of failure to appear at court proceedings.
Question No. 1: Would Nebraska's adoption of the language in LB 851 run afoul with the U.S. Constitution's 8th Amendment?
Answer: The premise of LB 851 incorporates a "danger to the community" condition to Nebraska's bail statutes. The United States Supreme Court has held that bail may be denied for reasons other than to guarantee the presence of the accused at trial. United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095 (1987). One such reason would be to assure the safety of an individual or the community. The government's interest in preventing crime by arrestees has been held to be both legitimate and compelling. Salerno, 481 U.S. 739.
The Eighth Amendment addresses pretrial release by providing merely that "[e]xcessive bail shall not be required." This mentions nothing about whether bail shall be available at all. Although the primary function of bail is to safeguard the court's role in adjudicating the guilt or innocence of defendants, the Eighth Amendment does not prohibit the government from pursuing other compelling interests through regulation of pretrial release. Nothing in the Bail Clause of theEighth Amendment limits permissible government considerations solely to questions of flight. The only limitation is that the government's proposed conditions of release or detention not be "excessive" in light of the perceived evil. Where the Legislature mandates detention on the basis of a compelling interest other than prevention of flight, theEighth Amendment does not require release on bail. A danger to the community condition does not in and of itself violate the Eighth Amendment to the U.S. Constitution.
However, there are due process concerns with the current version of LB 851. The danger to the community language is only contained in an amendment to Neb.Rev. Stat. § 29-901.01. This sections regards conditions which "shall reasonably assure appearance" of the accused. The amended danger to community condition is not rationally related to securing the appearance of the accused. To say it another way, a person's future danger to the community has nothing to do with assuring their appearance in court.
There are federal statutes which have been upheld that achieve this goal. Please feel free to contact this office regarding information concerning these federal statutes.
Question No. 2: Is the Nebraska Constitution provision in Article 1, Section 9 more restrictive or less restrictive than the U.S. Constitution when dealing with appearance?
Answer: There has been no case law which specifically inquires as to whether Article 1, Section 9 of the Nebraska Constitution is more or less restrictive than the Eighth Amendment to the U.S. Constitution. However, the Nebraska Supreme Court has held that the provisions of the Nebraska Constitution do not require more than do those of the Eighth Amendment of the U.S. Constitution. See State v. Michalski, 221 Neb. 380, 377 N.W.2d 510
(1985); State v. Brand, 219 neb. 402, 363 N.W.2d 516 (1985).
Sincerely,
 JON BRUNING Attorney General
 Jeffrey J. Lux Assistant Attorney General
Approved by:
____________________________ Attorney General
Attachments
cc. Patrick J. O'Donnell Clerk of the Legislature