SAYER ACRES, INC., A CORPORATION, ET AL., APPELLANTS, V. MIDDLE REPUBLICAN NATURAL RESOURCES DISTRICT, A BODY POLITIC AND CORPORATE, APPELLEE.

287 N. W. 2d 692

Filed January 22, 1980. No. 42555.

Leonard P. Vyhnalek of McCarthy, McCarthy & Vyhnalek, for appellants.

C. Kenneth Spady and James A. Lane of McGinley, Lane, Mueller, Shanahan & McQuillan, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is a condemnation proceeding in which the condemnor, Middle Republic Natural Resources

District, sought to acquire a water storage and flowage easement on lands owned by the appellant corporation and occupied by the individual appellants. The jury returned a verdict assessing the appellants' damages at $6,965. The condemnees have appealed.

The Middle Republican Natural Resources District commenced this proceeding to acquire a perpetual water storage and flowage easement upon the Sayers' land. The easement was to be used in connection with a floodwater retarding dam or structure which was constructed downstream from the Sayer land. The dam structure is not designed for permanent storage of water, but allows the floodwaters to pass through the structure at a slower rate over a period of days. At flood times the retarding dam has the potential of backing water up to the bed of Cedar Creek which flows across the length of the Sayer land. The Sayer land involved is a 624-acre tract of pasture. The easement to be taken by the district consists of 13.6 acres of the creek bed.

The evidence established that with the flood retention dam in place a 4½-inch rain would be required to back the water up to the Sayer land. Such a rain would be a 60-year rain and if a 4½-inch rain were received, the water would be off the Sayer land in approximately 2 days time.

In the proceeding in the county court the appraisers made an award of $8,912.50 to the Sayers. The Sayers appealed to the District Court.

In the District Court the expert witness for the district testified that the difference in the value of the land before and after the taking was $5,340. The expert witness for the Sayers testified that the difference in value was $30,481, and three officers of the Sayer corporation testified the difference in value was $41,553. The jury viewed the premises prior to the introduction of evidence and testimony, and at the conclusion of the trial returned its verdict for $6,965. The Sayers have appealed.

The appellants contend that the jury verdict was inadequate and clearly wrong. There is no contention that the instructions were wrong, that evidence was improperly received, nor that any expert witness was not qualified to give the opinion which he gave.

In a condemnation case, the weight and credibility of the testimony of lay or expert witnesses upon the issues of valuation and damages are for the jury. Harmony Lanes v. State, 193 Neb. 826, 229 N. W. 2d 203.

The amount of damages sustained in a condemnation action is peculiarly of a local nature and ordinarily is to be determined by the jury. Where the evidence is conflicting this court will not ordinarily interfere with the verdict of the jury unless it is clearly wrong. Ward v. Nebraska Electric G. & T. Coop., Inc., 195 Neb. 641, 240 N. W. 2d 18. In the case now before us the jury viewed the premises, and saw and heard the witnesses. The verdict of the jury is within the range of the evidence and testimony and we cannot say it is clearly wrong.

The appellants also contend that the verdict must be set aside because it was discovered after trial and verdict that one of the jurors had a brother who was a member of the board of directors of the condemnor district. There is no contention that the appellants did not have full and ample opportunity to examine all the jurors at the time of voir dire. There can be no doubt that a party has the right to examine jurors for possible disqualification on such grounds as are asserted here.

We have consistently held that the right to challenge a juror for cause may be waived or lost by a lack of diligence. The failure to make appropriate inquiry as to the qualifications of prospective jurors on voir dire waives later objections based on facts that might have been disclosed by such inquiry. Selders v. Armentrout, 192 Neb. 291, 220 N. W. 2d

222.   By passing the jurors for cause the appellants waived any objection to their selection as jurors.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.