STATE OF NEBRASKA, APPELLEE, v. LARRY PITTS, APPELLANT.

322 N.W.2d 443

Filed July 23, 1982. No. 82-021.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Defendant-appellant, Larry Pitts, was tried by a jury in the District Court of Nebraska, Second Judicial District, in and for Sarpy County, on a charge of first degree sexual assault. We reverse and remand for a new trial.

In view of the following analysis and disposition, we discuss only the assignment of error that the trial court abused its discretion in allowing appellant to be cross-examined with respect to certain misdemeanor convictions.

In response to direct examination questions, defendant testified that he had "misdemeanor crimes" while a resident of Knox, Indiana. He came to Bellevue, Nebraska, in late 1979 or early 1980. While a resident of Bellevue he was charged with resisting arrest, assault, and failure to obey a police officer.

The trial court permitted cross-examination, over objection of defendant's attorney, that in connection with the Bellevue incident he was not admitted to a

pretrial diversion program; he was sentenced and received probation; the terms of said probation required that he refrain from drug and alcohol use and attend a drug and alcohol school; and in reports to the probation office he had stated he was abstaining from the use of alcohol and drugs when in truth and fact he was not so abstaining.

He was further cross-examined, over the objections of his attorney, with respect to the Knox, Indiana, crimes. He testified he was arrested for public intoxication and disorderly conduct in 1979, and in 1980 for "probable cause for theft." A warrant was issued for failure to appear in connection with one of those charges. He further testified he was not convicted of theft. He was also arrested for criminal conversion and fined $29, costs, and restitution for stealing some gasoline, which fine and costs he failed to pay.

Defendant argues that inasmuch as the misdemeanor convictions do not involve dishonesty or false statements, they were inadmissible under the provisions of Neb. Rev. Stat. § 27-609(1) (Reissue 1979), which provides: "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment."

We have held that when a defendant in a criminal case testifies in his own behalf, he is subject to the same rules of cross-examination as any other witness and may be required to testify on his cross-examination as to any matter brought out or suggested by him on his direct examination. We have also held that when the object of the cross-examination is to collaterally ascertain the accuracy

or credibility of the witness, some latitude should be permitted, and the scope of such latitude is ordinarily subject to the discretion of the trial judge and, unless abused, its exercise is not reversible error. *Erving v. State,* 174 Neb. 90, 116 N.W.2d 7 (1962), *cert. denied* 375 U.S. 876, 84 S. Ct. 151, 11 L. Ed. 2d 121 (1963), in part quoting the case of *Grandsinger v. State,* 161 Neb. 419, 73 N.W.2d 632 (1955). See, also, *Shepperd v. State,* 168 Neb. 464, 96 N.W.2d 261 (1959), to the same effect, in part quoting *Garcia v. State,* 159 Neb. 571, 68 N.W.2d 151 (1955), and citing *Grandsinger, supra.*

The question thus becomes whether the trial court abused its discretion by permitting the wide-ranging cross-examination of the defendant, over his attorney's objection, as to misdemeanors touched upon in direct examination. We find it did abuse its discretion.

Obviously, the proper limits of cross-examination would have been clearer to the trial court had defendant's direct examination been more skillful and artful. Defense counsel's strategy of taking the "sting" out of any anticipated cross-examination by the State as to defendant's prior record (keeping in mind the time limit imposed by § 27-609(2)) would have been better served by merely asking defendant whether he had been convicted of a crime which involved dishonesty or false statement. If the truthful response were negative, such a response should end the matter. Indeed, the State should not inquire at all. If the response was affirmative and truthful statements were then elicited as to the number of such convictions, that should ordinarily end the matter. It is inappropriate in such circumstances to elicit or receive any other details. See, *State v. Lingle,* 209 Neb. 492, 308 N.W.2d 531 (1981); *State v. Boss,* 195 Neb. 467, 238 N.W.2d 639 (1976); *State v. Kallos,* 193 Neb. 113, 225 N.W.2d 553 (1975); *State v. Craig,* 192 Neb. 347, 220 N.W.2d 241 (1974).

However, notwithstanding the inartful nature of defense counsel's direct examination, the cross-examination permitted was far too broad.

The judgment of conviction is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

McCOWN, J., concurs in the result.