STATE OF NEBRASKA, APPELLEE, V. MARK C. THOMAS, APPELLANT.

461 N.W.2d 513

Filed October 12, 1990.    No. 89-1242.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

In the county court for Buffalo County, defendant, Mark C. Thomas, was charged in one complaint with three misdemeanors: count I, first degree criminal trespass, in violation of Neb. Rev. Stat. § 28-520 (Reissue 1989), in entering or remaining in room 242 of the Quality 8 Motel in Kearney, Nebraska, without permission, on September 16, 1988; count

II, first degree criminal trespass, in violation of § 28-520, in entering and remaining in room 246 of the same motel, without permission, on September 18, 1988; and count III, theft of services by deception, in an amount less than $100, in obtaining lodging at the same motel by trespassing, in violation of Neb. Rev. Stat. § 28-515(1) (Reissue 1989), on September 16 and 18, 1988.

After jury trial in which all three counts were tried, defendant was convicted. He was sentenced to a 90-day term of imprisonment on each count, the sentences to be served concurrently.

Defendant appealed to the district court for Buffalo County, where the convictions were affirmed. Defendant then timely appealed to this court, where he assigns four errors, contending that the trial court (the county court) erred (1) in failing to sustain defendant's motion to dismiss count III at the conclusion of the State's evidence, (2) in failing to properly instruct the jury on the material elements of the crimes charged in counts I and II and in giving an instruction on presumption in connection with count III, (3) "in failing to find that the defendant-appellant was placed in double jeopardy," and (4) in failing to give credit for time served on the sentences imposed. We affirm.

The record shows the following: On September 16, 1988, defendant was found in room 242 of the Quality 8 located in Kearney when guests who had properly rented the room entered it and observed the defendant leaving the bathroom. One of these guests identified defendant at trial. She testified that when she asked defendant if the room was occupied, he responded, "['Y]es, it is[,'] and he turned around and walked out." The motel registry reflected that no one was assigned to that room before the guests arrived.

On the morning of September 18, 1988, a manager of the same Quality 8 used his passkey and found defendant in room 246 after a maid, who had attempted to enter the room to clean, alerted management that the room was locked with the deadbolt from the inside, and a check of the motel's registry revealed that the room had not previously been rented to anyone. The manager testified that one bed was rumpled, as if

someone had been on it; that defendant appeared disheveled, as if he had just awakened; and that there was a duffelbag sitting on one of the tables. Defendant produced a key with the number 246 on it and gave it to the manager, but denied having any other motel keys. A search of the duffelbag which was found with defendant in room 246 revealed another key, with the number 242 on it.

Defendant's first assignment of error concerns the sufficiency of the evidence presented to convict him for theft of services, as charged in count III. In *State v. Grantzinger*, 235 Neb. 974, 978, 458 N.W.2d 461, 464 (1990), we held:

> On a claim of insufficiency of the evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

Further, when insufficiency of the evidence is alleged by a criminal defendant on appeal, the State is entitled to have all of its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. See *State v. Grantzinger, supra*.

The record contains a great deal of evidence which, when viewed in the light most favorable to the State, would allow a jury to conclude that the motel's services had been taken without compensation. The evidence is circumstantial, but we have held:

> One accused of a crime may be convicted on the basis of circumstantial evidence if the evidence, viewed as a whole, establishes the guilt of the defendant beyond a reasonable doubt....
>
>  . . . .
>
>  . . . Whether a defendant possesses the requisite state of mind is a question of fact and may be proved by circumstantial evidence.

*State v. Saltzman*, 235 Neb. 964, 969, 458 N.W.2d 239, 243 (1990). Defendant's first assignment is without merit.

Defendant's second assignment concerns the instructions given by the trial court. The transcript before us shows that the instructions given to the jury were not in the transcript presented to the district court for review. There is no indication of requested instructions. There is no record of an instruction conference. In its order affirming the county court judgment, the district court stated:

> The evidence brought before this Court does not include a copy of the set of instructions given to the jury but the Court would assume that the elements would be different and in any event no objection has been made by the Defendant to the instructions given by the Trial Court.

In his appeal from the district court to this court, defendant was represented by a different attorney than the attorney who represented defendant both at trial in the county court and during the appeal to the district court. In this court, defendant's current attorney obtained a supplemental transcript, dated 5 months after the order of the district court. This supplemental transcript contains the instructions given by the county court. Obviously, those instructions were not presented to the district court in the appeal to that court. Further, the district court noted there were no objections to the instructions, and the issue was not presented to the trial court.

In such a situation, this court will not consider initially an issue that was not presented to the district court sitting as an appellate court in reviewing an action of the county court. We have stated:

> "In disposing of an appeal the Supreme Court considers only those errors which are properly assigned and presented to this court. [Citation omitted.] Where a cause has been appealed to the Supreme Court from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal to this court. In the absence of plain error, where an issue is raised for the first time in the Supreme Court, it will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. [Citation omitted.]"

*State v. Painter*, 224 Neb. 905, 910-11, 402 N.W.2d 677, 681 (1987) (quoting *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985)). We will not consider defendant's second assignment of error, since it was not presented to the district court, where it would not have been ruled on favorably to defendant in any event, because of defendant's failure to object to, or request, instructions.

Plaintiff's third assignment of error alleges that "[t]he Trial Court erred in failing to find that the defendant-appellant was placed in double jeopardy." The U.S. and the Nebraska Constitutions each provide that no person shall be put in jeopardy twice for the same offense. U.S. Const. amend. V; Neb. Const. art. I, § 12. On appeal to this court from the district court, defendant for the first time alleges that the same act, being in the motel rooms, constitutes both criminal trespass and theft of services and that therefore, he was punished twice for the same offense. At a minimum, count III constitutes unnecessary overkill.

Defendant, however, did not raise this issue at the trial level nor on his appeal from county court to district court. Whether the double jeopardy clause has been violated is a constitutional question. Our rule has been stated: " ' "[E]xcept in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived." ' " *State v. Moore*, 235 Neb. 955, 956-57, 458 N.W.2d 232, 234 (1990) (quoting *State v. Moore*, 226 Neb. 347, 411 N.W.2d 345 (1987)). It is clear that this is not the most unusual of cases. Defendant has been sentenced to three concurrent 90-day jail terms. The evidence is overwhelming that defendant was, at the least, trespassing on two separate occasions. Determining the difficult problem concerning double jeopardy in defendant's favor would not change defendant's punishment of 90 days in jail. Defendant failed to raise the constitutional issue at trial in the county court and therefore waived his right to raise it in the district court and in this court. His third assignment of error will not be considered.

Defendant's final assignment of error contends that the trial court erred in refusing to give defendant credit for time

previously served. We have stated: "[W]here the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time." *State v. Vrtiska*, 227 Neb. 600, 608-09, 418 N.W.2d 758, 764 (1988). Defendant was sentenced to 90 days on each count, the sentences to be served concurrently. This is less than the maximum 1-year sentence allowed for Class I misdemeanors, alleged in counts I and II, and less than the 6-month maximum sentence allowed for the Class II misdemeanor alleged in count III. Defendant's presentence report, available to the trial court, shows that defendant was placed on 3 years' probation in 1985 for theft and was placed on federal probation in 1988 for possession of unregistered firearms. The court's refusal to give credit for time served was not an abuse of discretion. Neither defendant nor the State argued the applicability of Neb. Rev. Stat. § 83-1,106 (Cum. Supp. 1990) to the misdemeanor sentences herein imposed, and in the absence of submission of that issue to this court, we make no determination in that regard. This assignment of error is without merit.

In view of the confusion apparent in this case concerning appeals to this court from district courts reviewing appeals from county courts, we reiterate the rule set out in *State v. Erlewine*, 234 Neb. 855, 857, 452 N.W.2d 764, 767 (1990):

> The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion.

The *Erlewine* opinion was filed on March 23, 1990, so the rule set out above is not applicable to this case, where the notice of appeal was filed March 15, 1989. The rule should be noted.

AFFIRMED.