ALLEN WAGNER, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL
CORPORATION, APPELLEE.

464 N.W.2d 175

Filed January 4, 1991.   No. 89-1384.

Daniel W. Ryberg for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Allen Wagner, an Omaha police officer, received a 15-day suspension by the public safety director of the City of Omaha for excessive use of force in the performance of his duties. On appeal to the Omaha Personnel Board, following an evidential hearing, the order of suspension was modified to 4 days, and, as modified, the order of suspension was affirmed. Wagner filed a petition in error in the district court, following which the order of the personnel board was affirmed. Wagner now appeals to this court.

Error is assigned in that the trial court (1) based its decision on an unconstitutional standard of review, (2) erred in failing to determine that the decision of the personnel board was based on an erroneous interpretation of the law on use of force, and (3) erred in failing to determine that the personnel board misapplied the law to the facts and, therefore, the decision was arbitrary and capricious. We affirm.

In an error proceeding to review an administrative agency decision, both the district court and the Supreme Court review the decision of the administrative agency to determine whether the agency acted within its jurisdiction and whether the decision of the agency is supported by sufficient relevant evidence. *Olson v. City of Omaha*, 232 Neb. 428, 441 N.W.2d 149 (1989); *Wadman v. City of Omaha*, 231 Neb. 819, 438 N.W.2d 749 (1989); *Trolson v. Board of Ed. of Sch. Dist. of Blair*, 229 Neb. 37, 424 N.W.2d 881 (1988). "Evidence supports an administrative agency's decision reviewed in an error proceeding if the agency could reasonably find the facts for the agency's decision on the basis of the relevant evidence contained in the record before the agency." *Wadman v. City of Omaha,*

*supra* at 820, 438 N.W.2d at 751. In an error proceeding to review an administrative agency's decision, the reviewing court is restricted to the record before the administrative agency and does not reweigh evidence or make independent findings of fact. *Olson v. City of Omaha, supra; Wadman v. City of Omaha, supra; Coffelt v. City of Omaha,* 223 Neb. 108, 388 N.W.2d 467 (1986).

Wagner has 5 years' experience on the Omaha police force. In addition to his regular duties as a uniformed officer, he is specially trained and certified as a member of the emergency reaction unit, which is designed to handle hostage, barricaded gunmen, and other major threat situations. During his 4 months as a member of that special force, he had been observed to conduct himself with restraint and control in hostage and barricaded gunmen situations. As part of his training, he was certified in the use of a "PR-24," which is a type of nightstick. It differs from a regular nightstick in that it has a perpendicular handle about one-third of the way from the end of the stick and is used to jab rather than to club. The jabs are to be to areas of the body, such as the abdomen, which "deflate" the suspect and make such suspect more amenable to control.

During the early morning hours of February 10, 1989, Billy Higgins, an Omaha police officer, was in pursuit of a vehicle in the area of 38th and Webster Streets. Wagner heard a call over the police radio of this pursuit, and he joined in the chase.

In the meantime, the occupants of the vehicle being chased abandoned the vehicle, and Higgins continued the chase on foot. Higgins caught up with one of the suspects, placed him under arrest, and started to handcuff him. He then noticed another suspect, who was the victim of the claimed use of excessive force by Wagner. Higgins handcuffed the arrested suspect to a steel fence and ran after the other suspect. He caught that suspect and was bringing him back to the location of the handcuffed suspect. Both the officer and the person he had caught were winded from the chase. Higgins had no other handcuffs to use.

About that time, Officer Gary Nimps arrived at the scene and saw that Higgins and the second suspect were standing close together and both were leaning forward with their hands

on their knees, apparently trying to catch their breath. Higgins told Nimps to handcuff the second suspect. While Nimps was in the process of bringing the victim suspect's left arm behind him, Wagner arrived at the scene, observed Higgins bending forward, and saw the victim suspect standing nearby, but did not see Nimps. Wagner yelled at the victim suspect to drop to the ground, but Nimps had just told the victim suspect to put his hands behind his back. Wagner ran toward the victim suspect and poked him at least once in the abdomen with his nightstick, and the victim suspect went down on his knees. Wagner and Nimps then completed handcuffing the victim suspect.

None of the officers, including Wagner, contended that the victim suspect exhibited any provocative conduct toward any of them which required the use of force.

Two civilians witnessed this event, and both testified that they could see no reason for the use of force toward the victim suspect. Their version of what happened was substantially similar to that of the police officers, although one witness said that Wagner hit the victim suspect at least four times.

Wagner's first assignment of error is a trifle difficult to follow. He seems to be saying that the district court based its decision on an unconstitutional standard of review because it decided the matter on the basis of error appearing in the record. He then points to *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988), in which opinion, he says, this court implied that an appeal from a state agency can be brought either by appeal for review or by a petition in error. Thus, he argues, a law enforcement officer employed by the state could choose his or her standard of review, whereas a city police officer is limited in a review to error proceedings. However, at the time this proceeding was filed in the district court, May 31, 1989, the standard of review for the district court was whether the agency acted within its jurisdiction and whether the decision of the agency was supported by sufficient relevant evidence.

We need not answer the question. Wagner chose his method of review, an error proceeding, and the district court, as well as this court, is limited to the same standard of review earlier stated. A proceeding in error removes the record from an inferior tribunal to a superior tribunal in order for the superior

tribunal to determine whether the judgment or final order of the inferior tribunal is in accordance with law. See *Hammann v. City of Omaha*, 227 Neb. 285, 417 N.W.2d 323 (1987). Thus, in an error proceeding, the district court and this court review the administrative agency's decision with the same standard of review.

Also, Wagner's claim of unconstitutionality is not reviewable under the circumstances. He did not plead, brief, or argue the constitutionality issue in the district court. This court stated in *State v. Thomas, ante* p. 355, 358, 461 N.W.2d 513, 515-16 (1990):

> " 'In disposing of an appeal the Supreme Court considers only those errors which are properly assigned and presented to this court. [Citation omitted.] Where a cause has been appealed to the Supreme Court from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal to this court. In the absence of plain error, where an issue is raised for the first time in the Supreme Court, it will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. [Citation omitted.]' "

If questions of constitutionality have not been raised properly in the district court, generally they will be considered to have been waived. *State v. Thomas, supra.*

Wagner's second and third assignments of error will be reviewed together, since they question the interpretation of the law and the application of that law to the facts by the administrative agency.

As to the law governing the standard of conduct to be employed by police officers, Wagner cites only Neb. Rev. Stat. § 28-1412(1) (Reissue 1989), which provides as follows:

> Subject to the provisions of this section and of section 28-1414, the use of force upon or toward the person of another is justifiable when the actor is making or assisting in making an arrest and the actor believes that such force is immediately necessary to effect a lawful arrest.

This particular section has not been construed by this court

as to the meaning of "the actor believes that such force is immediately necessary to effect a lawful arrest." However, in *Landrum v. Moats*, 576 F.2d 1320 (8th Cir. 1978), the U.S. Court of Appeals for the Eighth Circuit was concerned with Neb. Rev. Stat. § 28-839 (Reissue 1975), which contained language nearly identical to that of Neb. Rev. Stat. § 28-1412 (Reissue 1989) and was its predecessor. That case involved a suit against a police officer by the mother and special administratrix of the estate of her son, who was shot and killed by the police officer during the course of an attempted arrest. The court approved of an instruction which the trial court gave which stated in part that " '[i]n making an arrest, a police officer may use whatever force is reasonably necessary. Reasonable force is generally that amount of force which an ordinary, prudent and intelligent person with the knowledge and in the situation of the police officer would have deemed necessary under the circumstances. . . .' " *Landrum v. Moats, supra* at 1329-30.

We believe this is a correct statement of the law. We therefore hold that under the provisions of § 28-1412, a police officer in making an arrest must use only reasonable force, which is that amount of force which an ordinary, prudent, and intelligent person with the knowledge and in the situation of the arresting police officer would have deemed necessary under the circumstances.

We now turn to the action taken by the personnel board. On a petition in error the agency's decisions are reviewed to determine whether the agency acted within its jurisdiction and whether the evidence is sufficient as a matter of law to support the agency's decision. *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988). Wagner has not challenged the jurisdiction of the Omaha Personnel Board, thus the court will assume that the agency has acted within its jurisdiction.

Wagner alleges that the trial court erred in failing to determine that the Omaha Personnel Board's decision was based on an erroneous interpretation of the law on the use of force and that the Omaha Personnel Board misapplied the law and, therefore, its decision was arbitrary and capricious.

Arbitrary and capricious action has been defined by this court with reference to administrative agencies as "action

taken, in disregard of the facts or circumstances of the case, without some basis which would lead a reasonable and honest person to the same conclusion." *In re Appeal of Levos*, 214 Neb. 507, 514, 335 N.W.2d 262, 267 (1983) (quoting *Ind. Civil Rights Comm. v. Sutherland Lumber*, 182 Ind. App. 133, 394 N.E.2d 949 (1979)). This court does not substitute its judgment for that of the trial court regarding matters of evidence such as credibility of the witnesses or disputes and conflicts in testimony of the witnesses. *In re Appeal of Levos, supra.* Rather, this court reviews the evidence to determine if the evidence is sufficient to support the decision of the agency and the action taken. *Meier v. State, supra; In re Appeal of Levos, supra.* This court concluded in *In re Appeal of Levos* that the tribunal conducting the hearing is more able to judge the credibility of the witnesses and evaluate the evidence submitted at the hearing.

Thus, the court needs to determine if competent evidence supports the determination of the agency. Competent evidence has been defined as " 'evidence that tends to establish the fact in issue.' " *In re Appeal of Levos, supra* at 515, 335 N.W.2d at 267 (quoting *Shepherd v. City of Omaha*, 194 Neb. 813, 235 N.W.2d 873 (1975), overruled to the extent that it says the city must establish by a preponderance of the evidence "good cause" for discharging an employee).

While it may be true that Wagner misperceived the situation and believed that the force he used was necessary, that belief may have been unreasonable under the circumstances. None of the other officers at the scene noticed any provoking conduct requiring force. The board could also have concluded that Wagner escalated his use of force too quickly without determining the facts surrounding the apprehension of the victim suspect.

The evidence before the board was conflicting; however, the credibility of the witnesses was a question for the board. There was competent evidence to sustain the findings and order of the Omaha Personnel Board that the use of force by Wagner was excessive.

The judgment of the district court in affirming the order of the personnel board is affirmed.

AFFIRMED.