STATE OF NEBRASKA, APPELLEE, V. THOMAS S. BALLARD, APPELLANT.

467 N.W.2d 662

Filed April 5, 1991.    No. 89-438.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and Sharon M. Lindgren for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.

The defendant, Thomas S. Ballard, was found guilty following a trial by jury on two counts of first degree sexual assault, pursuant to Neb. Rev. Stat. § 28-319(1)(a) (Reissue 1989). He appeals, assigning as error (1) the overruling of objections to cross-examination of defendant, (2) the failure of the trial court to grant a mistrial concerning the cross-examination of defendant, and (3) the overruling of defendant's challenge for cause of an impaneled juror. We affirm.

The evidence was sufficient to support verdicts of guilty on both counts of sexual assault committed on November 17,

1988. No complaint as to the sufficiency of the evidence has been raised.

On direct examination, the defendant testified that his name was Thomas Sidney Ballard, but that in 1979 he changed his name to Shane J. Ballard. He also testified that he had previously used the name Jerry Taulbee in an effort to get employment by using connections with family members surnamed Taulbee. On cross-examination, the defendant was asked why he used an alias, and he explained that everyone called him Jerry or Shane and that Shane was not an alias. When the defendant explained that he used the surname of Taulbee to help get a job, the prosecution asked if that was the real reason the defendant used that name. The defendant replied affirmatively, and the prosecution asked if it was not true that the defendant was a fugitive from justice at the time he used the name of Taulbee. Defense counsel's objection that it was "an improper question" was overruled. The prosecution then asked, without objection, if the defendant was not a fugitive from justice on November 17, 1988. The defendant admitted that there was a warrant out for his arrest, but denied that was the real reason he was using the name Jerry Taulbee.

When a defendant in a criminal case testifies in his own behalf, he is subject to the same rules of cross-examination as any other witness and may be required to testify on his cross-examination as to any matter brought out or suggested by him on his direct examination. *State v. Pitts*, 212 Neb. 295, 322 N.W.2d 443 (1982). When the object of the cross-examination is to collaterally ascertain the accuracy or credibility of the witness, some latitude should be permitted, and the scope of such latitude is ordinarily subject to the discretion of the trial judge, and, unless abused, its exercise is not reversible error. *Id.* Cross-examination is proper as to anything tending to affect the accuracy, veracity, or credibility of the witness. *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989).

Defendant cites Neb. Rev. Stat. § 27-609 (Reissue 1989) as a means of determining the limits of cross-examination for impeachment. Section 27-609 provides that evidence that a witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during

cross-examination, but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he or she was convicted or (2) involved dishonesty or false statement regardless of the punishment. This section is not relevant in this case, however, as the cross-examination concerned an outstanding arrest warrant, rather than a conviction.

The case at bar is analogous to *State v. Sutton, supra,* where the defendant clearly testified on his direct examination on the subject of his personal use of cocaine. This court found that the trial court did not abuse its discretion in allowing the prosecutor to cross-examine the defendant regarding prior sales and use of cocaine, as the subjects of whether the defendant used cocaine and sold cocaine were within the scope of his direct examination and were proper subjects for impeachment or rebuttal.

There is nothing in the record to suggest that the defendant requested a mistrial. When there occurs in the course of a trial a highly prejudicial event which is likely to materially affect the outcome of the trial, the party aggrieved must raise his objection then and move for mistrial. His failure to do so when he reasonably should know of the prejudicial occurrence constitutes a waiver of the objection. *State v. Archbold,* 217 Neb. 345, 350 N.W.2d 500 (1984). In the absence of plain error, where an issue is raised for the first time in the Supreme Court, it will be disregarded inasmuch as the district court cannot commit error in failing to resolve an issue never presented and submitted for disposition. *Wagner v. City of Omaha,* 236 Neb. 843, 464 N.W.2d 175 (1991). There is no merit to defendant's second assignment of error.

Finally, we consider defendant's complaint that the court failed to strike juror Smith. The supplemental bill of exceptions shows that the jury voir dire was conducted on February 27, 1989, and the additional voir dire of juror Smith was conducted on February 22, 1989. Quite obviously these dates are in error, and the additional voir dire must have followed the original voir dire.

In any event, at the original voir dire examination, juror Smith, when asked if he knew anyone "in law enforcement work, or [who] work[ed] with a law enforcement agency,"

admitted to knowing one of the members of the Alliance Police Department. However, Smith claimed that this relationship would not affect his ability to judge the case, and he was passed for cause.

At some later time, before the trial actually commenced on February 28, 1989, information apparently came to the court's attention that juror Smith's wife was employed by the county attorney's office. Further voir dire was permitted. Juror Smith insisted that he had not discussed the case with his wife, that the fact that she worked for the county attorney would not affect Smith's ability to judge the evidence in this case, and that his wife had not told him anything about the evidence in the case. When asked why he had not disclosed this relationship when earlier asked if he had any friends or relatives in law enforcement, Smith replied that when defendant's counsel asked about law enforcement personnel he thought the attorney meant police officers and that he did not feel the county attorney's office was a law enforcement office. Defense counsel's motion to strike the juror for cause was denied.

As a general rule, the retention or rejection of a venireperson as a juror is a matter of discretion with the trial court. *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990).

A party who fails to challenge prospective jurors for disqualification and does not use his or her peremptory challenges to remove such jurors from the panel waives any objections to their selection. *State v. Green*, 236 Neb. 33, 458 N.W.2d 472 (1990).

In *Sayer Acres, Inc. v. Middle Republican Nat. Resources Dist.*, 205 Neb. 360, 287 N.W.2d 692 (1980), the appellants contended that the verdict must be set aside because it was discovered after the verdict had been rendered that one of the jurors had a brother who was a member of the board of directors of the condemner district. The appellants had not contended that they did not have full and ample opportunity to examine all the jurors at the time of voir dire. The court noted that the right to challenge a juror for cause may be waived or lost by a lack of diligence, and the failure to make appropriate inquiry as to the qualifications of prospective jurors on voir dire waives later objections based on the facts that might have

been disclosed by such inquiry. The court found that by passing the jurors for cause, the appellants waived any objection to their selection as jurors.

It is difficult to believe that defendant's trial counsel, who is not the same attorney representing defendant in this appeal and who practices law in Alliance and Box Butte County, did not know of the connection between juror Smith and the county attorney's secretary. However, be that as it may, counsel had the opportunity to elicit this information during the initial voir dire. The record does not disclose that the juror was untruthful. He simply did not understand the question. If counsel desires specific information on voir dire, he or she must ask specific questions. See, also, *McCamish v. Douglas Cty. Hosp., ante* p. 484, 466 N.W.2d 521 (1991).

The judgment of the district court is affirmed.

AFFIRMED.