STATE OF NEBRASKA, APPELLANT, V. LONNIE L. CRIFFIELD,
APPELLEE.

490 N.W.2d 226

Filed October 16, 1992.   No. S-92-069.

Mark J. Young and Jerom E. Janulewicz, Deputy Hall
County Attorneys, for appellant.

Steven W. Dowding and Vince Dowding for appellee.

Don Stenberg, Attorney General, and Mark D. Starr as
amicus curiae.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

In this appeal, the Hall County Attorney's office attempts to
challenge the constitutionality of Neb. Rev. Stat. § 29-2308.01
(Reissue 1989), which permits a sentencing judge to reduce a
criminal sentence within 120 days after the sentence is imposed.

Because the record contains no showing that the issue was
raised in the trial court, we affirm the order of the district court
for Hall County reducing the sentence of Lonnie L. Criffield.

On December 4, 1990, Criffield was sentenced to serve a
term of not less than 5 years nor more than 7 years in prison for
robbery. On March 22, 1991, pursuant to § 29-2308.01,

Criffield filed a motion for a reduction of his sentence. Section 29-2308.01 provides that

> [a]ny court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. No hearing shall be required concerning any request for reduction denied under this section.

On September 27, 1991, a deputy Hall County attorney gave notice to Nebraska's Attorney General and to Criffield and his attorney of the Hall County Attorney's *intent to contest* the constitutionality of the reduction of sentence statute. The transcript fails to reveal a pleading by the Hall County Attorney's office that in fact challenges the constitutionality of § 29-2308.01.

On December 11, 1991, the district court heard arguments on the motion to reduce the sentence. On December 30, the court reduced Criffield's sentence to not less than 42 months nor more than 7 years. On January 24, 1992, the deputy Hall County attorney filed an application for leave to docket error proceedings in this court pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1989).

In essence, the Hall County Attorney's office claims in its brief that § 29-2308.01 violates the separation of powers doctrine by (1) authorizing the judiciary to reduce sentences after they have become final and (2) invading the exclusive province of the executive branch to reduce and commute sentences.

The application by the county attorney requesting leave to file an appeal contains a request that this court review the constitutionality of the sentence reduction statute. There is nothing in the Hall County Attorney's application to show that the constitutionality of § 29-2308.01 was in fact raised before the trial court or ruled upon by that court. Neither the transcript nor the bill of exceptions presented to this court reflects that the constitutionality of § 29-2308.01 was in fact presented to, or ruled upon by, the district court for Hall County. Except in the most unusual of cases, for a question of

constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived. *State v. Thomas*, 236 Neb. 355, 461 N.W.2d 513 (1990).

Moreover, the journal entry of the proceeding from which this appeal was taken does not reflect that the constitutionality of § 29-2308.01 was presented to, considered by, or ruled upon by the district court. Therefore, this court will not consider whether the reduction of sentence statute is constitutional.

It is incumbent on the party appealing to present a record which supports the error assigned; absent such a record, the decision of the lower court is to be affirmed. *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991).

Since the only error assigned by the deputy Hall County attorney was the constitutionality of § 29-2308.01, the reduction of sentence by the district court for Hall County must be affirmed.

AFFIRMED.