IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PESTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL L. PESTER, APPELLANT.

Filed May 29, 2018.    No. A-17-779.

Appeal from the District Court for Lancaster County, ANDREW R. JACOBSEN, Judge, on appeal thereto from the County Court for Lancaster County, TIMOTHY C. PHILLIPS, Judge. Judgment of District Court affirmed.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Daniel L. Pester appeals from an order of the district court for Lancaster County, which affirmed his conviction and sentence in the county court for driving under the influence (DUI) and DUI with a passenger under age 16. Based on the reasons that follow, we affirm.

### BACKGROUND

On September 30, 2015, at approximately 7:50 a.m., Pester was driving his 15-year-old daughter to school when he had an accident with another driver. Following the accident, Pester was charged with DUI, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010); DUI with a passenger under the age of 16, in violation of Neb. Rev. Stat. § 28-1254 (Reissue 2016); and careless driving, in violation of Neb. Rev. Stat. § 60-6,212 (Reissue 2010).

A bench trial was held on the charges. The evidence showed that immediately after the accident, Pester and the other driver got out of their vehicles and Pester told the other driver he was on medication and "it wasn't working very well."

Officer Lance Maxwell of the Lincoln Police Department arrived at the scene of the accident to investigate. He spoke with Pester about the accident and Pester, whose speech was somewhat slurred and was using his truck for balance, told him that he had turned too wide and struck the other vehicle. He also said that he had taken a sleeping pill and was seeing double. Based on Pester's admissions, Maxwell administered field sobriety tests and Pester showed impairment when performing the tests. Maxwell then decided to have a Drug Recognition Expert (DRE) come to the scene.

Jeremy Schwarz, a DRE from the Lancaster County Sheriff's Department, responded to the call and came to the scene. After speaking with Maxwell and making initial observations of Pester, Schwarz decided to conduct a more in-depth evaluation of Pester. He transported him to the detox center for a full DRE evaluation in a controlled environment.

During the evaluation, Pester told Schwarz he is a Type-1 Diabetic, for which he is on medication but that he had not taken his medication that morning or checked his blood sugar level. Schwarz testified that he ruled out any concerns of a diabetic episode. Pester also told Schwarz that he takes a medication called Zolpidem to help him sleep because he suffers from insomnia. Schwarz testified that Zolpidem is a central nervous system depressant, often used as a sleep aid. Pester told Schwarz that he took a half dose of Zolpidem at 5 p.m. the evening before the accident, and another half dose around 9 p.m.

Pester told Schwarz that before the accident he was feeling tired and sluggish, but drove because he had to get his daughter to school. Schwarz asked Pester how he would rate himself at the time of the accident on a scale of 0 to 10, with 0 being sober and 10 being intoxicated, and Pester put himself at an 8.

Schwarz testified that when he and Pester arrived at the detox center, Pester was "bouncing off the walls" as he walked down the hallway. When Schwarz asked him about it, Pester said "the Zolpidem makes [him] bounce off the walls," makes him do "weird shit," and causes hallucinations.

During the evaluation, Schwarz ruled out a medical condition as the cause of Pester's impairment and also had Pester take a chemical breath test to measure any alcohol content, the results of which showed he had no alcohol in his system. Schwarz then administered a number of field sobriety tests and Pester showed many signs of impairment. He nearly fell over when standing up out of the chair to begin one test, and during other tests he had trouble keeping his balance.

The DRE evaluation also included a toxicology examination, which requires a urine sample. The urine analysis showed the presence of Zolpidem and Dextromethorphan, an active ingredient in certain cough syrups.

Schwarz formed an opinion that Pester was under the influence of a central nervous system depressant and that he was unable to operate a motor vehicle safely. He stated that his opinion was based on the accident itself, the statements that Pester made to him, his and Maxwell's observations at the scene of the accident, and the results of the DRE evaluation.

Following the bench trial, the county court found Pester guilty on all three charges. It sentenced Pester to 18 months' probation, 10 days in jail, 18 months' revocation of his driver's license with a 45-day no drive provision, as well as a monetary fine for each charge.

Pester appealed his convictions and sentence, but failed to file a statement of errors. Pester subsequently filed a motion for leave to file assignments of error with the district court, which it denied. There being no statement of errors timely filed, the district court reviewed the record in the county court for plain error. Finding no plain error, the district court affirmed Pester's convictions and sentence in the county court.

## ASSIGNMENTS OF ERROR

Pester assigns that the district court erred in (1) failing to reverse his DUI convictions because there was a failure of proof that his impairment on September 30, 2015, was the result of the ingestion of one or more of the specific drugs identified in "177 NAC title 7" and (2) failing to find the phrase "any drug" used in § 60-1,196 and § 28-1254 unconstitutionally vague on its face and as applied, in violation of the Due Process Clause of the 14th Amendment.

## STANDARD OF REVIEW

Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. *State v. Griffin,* 270 Neb. 578, 705 N.W.2d 51 (2005). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez,* 287 Neb. 356, 842 N.W.2d 694 (2014).

## ANALYSIS

Pester asserts that the district court erred in failing to reverse his DUI convictions based on §§ 60-6,196 and 28-1254 because the State failed to prove that his impairment was the result of one or more of the specific drugs identified in 177 NAC title 7. He contends that an individual can only be convicted of DUI pursuant to § 60-6,196 or § 28-1254 if the State proves he was under the influence of one of the seven drugs listed in 177 NAC title 7. Because Zolpidem is not one of those drugs, Pester alleges that the evidence was insufficient to convict him.

The district court found that Pester did not raise this argument before the county court, nor was it considered by the county court. The district court noted that the bill of exceptions from county court does not contain a copy of 177 NAC title 7 and there was no reference to it in the county court record.

We agree with the district court that Pester did not raise the argument to the county court that the evidence was insufficient because the State did not prove he was under the influence of one of the drugs listed in 177 NAC title 7. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *State v. Heng*, 25 Neb. App. 317, 905 N.W.2d 279 (2017).

Despite the district court's determination that Pester's argument regarding 177 NAC title 7 should be disregarded, it further concluded that there was sufficient evidence to support Pester's

convictions for DUI and DUI with a passenger under the age of 16. We also conclude that the evidence was sufficient on the DUI charges and there is no plain error.

Section 60-6,196(1)(a) provides that it shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of "any drug." Section 28-1254(1)(a) provides that it shall be unlawful for any person to operate or be in the actual physical control of a motor vehicle with a person under the age of sixteen years as a passenger while the person operating or in the actual physical control of the motor vehicle is under the influence of alcoholic liquor or "any drug."

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Beitel*, 296 Neb. 781, 895 N.W.2d 710 (2017). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *Id.* In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id.*

The language of the statute specifically states that one may be convicted under the statutes for driving under the influence of "any drug." Pester argues that the phrase "any drug" in §§ 60-6,196(1)(a) and 28-1254(1)(a) refers to the definition of "drug" found in 177 NAC title 7, which only includes marijuana, cocaine, morphine, codeine, phencyclidine, amphetamine, and methamphetamine. However, in the DUI statutes at issue, there are no qualifications or limitations placed on the phrase "any drug", and no reference to 177 NAC title 7. See *State v. Rothenberger*, 294 Neb. 810, 885 N.W.2d 23 (2016) (The Legislature has made it a crime to operate a motor vehicle while under the influence of "any drug" and an officer's ability to request a chemical test under § 60-6,197 is not limited to any particular drug). If the Legislature had intended to limit convictions under §§ 60-6,196(1)(a) and 28-1254(1)(a) to those individuals under the influence of only specific drugs, it could have so stated. Without such limitations, the statutes must be given their plain and ordinary meaning. Based on the plain language, it is apparent that "any drug" for purposes of §§ 60-6,196(1)(a) and 28-1254(1)(a) means just that--any drug that impairs a person's ability to operate a motor vehicle. Therefore, the phrase "any drug" includes Zolpidem.

The evidence showed that Pester admitted taking Zolpidem, and Schwarz testified that this was a central nervous system depressant drug. Schwarz also testified that Pester was under the influence of the drug in an amount sufficient to impair his ability to operate a motor vehicle safely. Therefore, the evidence was sufficient to find Pester guilty of DUI and DUI with a passenger under age 16.

Pester next argues that the district court erred in failing to find that the phrase "any drug" used in §§ 60-1,196 and 28-1254 is unconstitutionally vague on its face and as applied. Again, the district court found that the argument was not presented to, or ruled upon by, the county court. Except in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived. *State v. Criffield*, 241 Neb. 738, 490 N.W.2d 226 (1992).

The record before us supports the district court's conclusion that no motion to quash was filed, and therefore any facial challenge to the statute has been waived. See *State v. Stone*, 298

Neb. 53, 902 N.W.2d 197 (2017) (proper procedure for raising facial constitutional challenge to criminal statute is to file motion to quash). In regard to an applied challenge, our review of the proceedings held before the county court fails to reveal any constitutional arguments made in this regard. Accordingly, Pester's constitutional claim is waived and we need not address the argument further in this appeal.

## CONCLUSION

Having found no plain error in the district court's affirmance of the county court's conviction for DUI and DUI with a passenger under age 16, we affirm the district court's order.

AFFIRMED.