Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

State of Nebraska, appellee, v.
Harold L. Stone, appellant.
___ N.W.2d ___

Filed October 13, 2017.    No. S-16-941.

1. **Constitutional Law: Statutes: Appeal and Error.** The constitutionality of a statute presents a question of law, which an appellate court independently reviews.
2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
3. **Constitutional Law: Statutes: Pleas.** As-applied challenges to the constitutionality of a criminal statute are preserved by a defendant's plea of not guilty.
4. **Constitutional Law: Statutes: Waiver.** The proper procedure for raising a facial constitutional challenge to a criminal statute is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.
5. **Constitutional Law: Statutes.** Regardless of how the parties label a constitutional challenge, a court will classify the challenge based upon the nature of the alleged constitutional defect.
6. ____: ____. Generally, a facial challenge seeks to void the statute in all contexts for all parties. In contrast, an as-applied challenge often concedes the statute is constitutional in some of its applications, but contends it is unconstitutional as applied to the particular facts of the case.
7. ____: ____. An as-applied challenge does not seek to void the statute for all purposes, but seeks only to prevent the statute's application to the facts before the court.
8. **Sentences.** Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. This is so, even when offenses carry a mandatory minimum sentence, unless the statute requires that consecutive sentences be imposed.

9. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

10. **Sentences.** When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

Appeal from the District Court for Thayer County: VICKY L. JOHNSON, Judge. Affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

STACY, J.

In this direct appeal of his criminal convictions and sentences, Harold L. Stone seeks to challenge the constitutionality of the mandatory minimum sentencing scheme for first degree sexual assault of a child.[1] He also challenges his sentences as excessive. We conclude Stone did not preserve his constitutional challenge for appellate review, and we find no merit to his excessive-sentence claim. Accordingly, we affirm the judgment and sentences of the district court.

---

[1] See Neb. Rev. Stat. § 28-319.01 (Reissue 2016).

## FACTS

### CONVICTION

In 2016, Stone was charged with five counts of first degree sexual assault of a child,[2] one count of third degree sexual assault of a child,[3] and one count of child abuse.[4] The amended information alleged Stone sexually penetrated H.W. on five separate occasions in 2014 and 2015, at a time when H.W. was under the age of 16 and Stone was over the age of 25. Stone entered pleas of not guilty, and the matter proceeded to trial.

The facts underlying Stone's charges are not directly relevant to his assignments of error, so we do not recount them in detail. Generally, evidence at trial showed that Stone, a 58-year-old man, befriended, groomed, and sexually assaulted H.W., a 15-year-old child with behavioral disabilities.

The jury returned a verdict finding Stone guilty of four counts of first degree sexual assault of a child and one count of child abuse. Each sexual assault conviction was a Class IB felony carrying a mandatory minimum prison sentence of 15 years[5] and a maximum sentence of life imprisonment.[6]

### SENTENCING

At the sentencing hearing, Stone argued the mandatory minimum sentencing scheme of § 28-319.01 violated the Equal Protection Clauses of the U.S. and Nebraska Constitutions by treating him more harshly than younger offenders. Stone asserted that if he had been 19 to 24 years old, rather than 58, at the time of his crimes, the sexual assaults would have been classified as Class II felonies with a 1-year minimum

---

[2] § 28-319.01(1)(b).

[3] Neb. Rev. Stat. § 28-320.01(1) (Reissue 2016).

[4] Neb. Rev. Stat. § 28-707(1)(a) and (d) (Cum. Supp. 2014).

[5] See § 28-319.01(1)(b) and (2).

[6] See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2014).

term,[7] instead of Class IB felonies with a 15-year mandatory minimum term.[8] Stone contended there was no rational basis to treat him more harshly based on his age, and he asked the court to sentence him "as if the offense were a Class II felony." Stone ultimately conceded that "[a]ssuming the validity of the sentencing scheme, the Court has no legal option but to impose a sentence of not less than a mandatory 15-year sentence on [the sexual assault convictions] and . . . then has to consider whether any sentences imposed should be concurrent or consecutive." Stone asked the court to run his sentences concurrently rather than consecutively, suggesting the mandatory minimum was already "harsher than it should be legally or constitutionally."

The trial court rejected Stone's constitutional arguments and, on each of the four sexual assault convictions, sentenced Stone to imprisonment for a mandatory minimum term of 15 years and a maximum term of 20 years. On the child abuse conviction, Stone was sentenced to a term of 4 to 5 years' imprisonment. The court ordered two of the sexual assault sentences to be served consecutively and ordered the remaining sentences to be served concurrently.

Stone timely appealed, and he filed a notice of constitutional question under Neb. Ct. R. App. P. § 2-109(E) (rev. 2014), advising that "this appeal presents a question as to the constitutionality of . . . §28-319.01(1)(b) [and] (2), as applied." We moved the case to our docket on our own motion.[9]

## ASSIGNMENTS OF ERROR

Stone assigns (1) that the mandatory minimum term of 15 years' imprisonment under § 28-319.01(2), based upon age, has no rational basis and violates the Equal Protection

---

[7] See Neb. Rev. Stat. § 28-319 (Reissue 2016) and § 28-105.

[8] § 28-319.01(2).

[9] Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

Clauses of the U.S. and Nebraska Constitutions and (2) that the imposition of consecutive mandatory minimum sentences was unreasonable and excessive.

## STANDARD OF REVIEW

[1] The constitutionality of a statute presents a question of law, which we independently review.[10]

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[11]

## ANALYSIS

### FACIAL OR AS-APPLIED CHALLENGE

As a threshold matter, we consider whether Stone has properly presented his constitutional challenge to § 28-319.01. The proper procedure for raising and preserving a constitutional challenge differs depending on whether it is a facial or an as-applied challenge.[12]

[3,4] As-applied challenges to the constitutionality of a criminal statute are preserved by a defendant's plea of not guilty.[13] But the proper procedure for raising a facial constitutional challenge to a criminal statute is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.[14]

Stone did not file a motion to quash in this case and concedes he has waived any facial challenge to § 28-319.01. Instead, he characterizes his equal protection claim as an "as-applied" constitutional challenge to § 28-319.01. The State takes issue with this characterization and argues that Stone is

---

[10] *J.M. v. Hobbs*, 288 Neb. 546, 849 N.W.2d 480 (2014).

[11] *State v. Policky*, 285 Neb. 612, 828 N.W.2d 163 (2013).

[12] See *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012).

[13] *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016); *Harris, supra* note 12.

[14] *Harris, supra* note 12.

actually mounting a facial challenge to the constitutionality of § 28-319.01.

[5-7] Regardless of how the parties label a constitutional challenge, a court will classify the challenge based upon the nature of the alleged constitutional defect.[15] We have described a facial challenge as a "'challenge to a statute, asserting that no valid application of the statute exists because it is unconstitutional on its face.'"[16] Generally, a facial challenge seeks to void the statute in all contexts for all parties.[17] In contrast, an as-applied challenge often concedes the statute is constitutional in some of its applications, but contends it is unconstitutional as applied to the particular facts of the case.[18] An as-applied challenge does not seek to void the statute for all purposes, but seeks only to prevent the statute's application to the facts before the court.[19]

After reviewing the record and the parties' arguments, we conclude that although Stone attempts to frame it otherwise, he is asserting a facial challenge to the statutory classification scheme under § 28-319.01. Stone argues there is no rational basis for a "statutory classification which imposes a substantially harsher sentence [for sexual assault of a child] when the actor is 25 years of age or older than when the actor is 19 years of age or older."[20] In making this argument, Stone does not premise the alleged constitutional violation on any

---

[15] See, e.g., *State v. Sanders*, 269 Neb. 895, 697 N.W.2d 657 (2005).

[16] *Id.* at 905, 697 N.W.2d at 667, quoting *State v. Hynek*, 263 Neb. 310, 640 N.W.2d 1 (2002).

[17] See 16 C.J.S. *Constitutional Law* § 243 (2015). See, also, *Harris, supra* note 12, 284 Neb. at 221, 817 N.W.2d at 268 ("a plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the act would be valid, i.e., that the law is unconstitutional in all of its applications").

[18] 16 C.J.S., *supra* note 17.

[19] *Id.*

[20] Brief for appellant at 7.

facts specific to his case or circumstances. Instead, the nature of the constitutional defect he raises—that the age classification in § 28-319.01 is arbitrary and has no rational basis—is one that every offender 25 years of age or older could raise. His challenge seeks to void the statutory age classification in all contexts for all parties and is properly classified as a facial challenge.

Because Stone has not preserved this facial challenge for appellate review, we do not reach his first assignment of error.

## Consecutive Sentences

Stone argues the sentencing court abused its discretion by ordering two of the mandatory minimum sentences to run consecutively. We find no abuse of discretion on this record.

[8] Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively.[21] This is so, even when offenses carry a mandatory minimum sentence,[22] unless the statute requires that consecutive sentences be imposed.[23]

Section 28-319.01(2) requires a mandatory minimum prison sentence of 15 years[24] and classifies Stone's crime as a Class IB felony, which carries a maximum term of life imprisonment.[25] The jury convicted Stone of four separate counts of first degree sexual assault of a child. The trial court imposed

---

[21] *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014); *Policky, supra* note 11.

[22] See, *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016); *State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

[23] *Berney, supra* note 21.

[24] See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015) (specific 15-year mandatory minimum in § 28-319.01(2) for first degree sexual assault of child controls over general 20-year minimum for Class IB felonies in § 28-105).

[25] § 28-105.

a sentence of 15 to 20 years' imprisonment on each of the four convictions under § 28-319.01(2) and ordered two of the sentences to be served consecutively. All other sentences were ordered to be served concurrently.

[9,10] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[26] When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[27]

Here, the sentences imposed were well within the statutory range and the record shows the court considered and applied all the necessary sentencing factors. Stone committed serious felonies that caused lasting harm. He groomed his child victim and befriended her family to increase his access to the victim. He was found to be in the moderate-high risk range on a sex offender specific assessment. We find no abuse of discretion in ordering consecutive mandatory minimum sentences.

## CONCLUSION

For the foregoing reasons, the judgment and sentences of the district court are affirmed.

Affirmed.

---

[26] *State v. Garza*, 295 Neb. 434, 888 N.W.2d 526 (2016).

[27] *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017).