Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/25/2024 09:05 AM CDT

State of Nebraska, appellee, v.
James R. Kalita, appellant.
___ N.W.3d ___

Filed October 25, 2024.    No. S-24-120.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2. ____: ____: ____. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.

3. **Convictions: Evidence: Appeal and Error.** In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

4. **Constitutional Law: Courts: Pleas.** While a plea of not guilty preserves an as-applied constitutional challenge, such a challenge must be specifically raised to the trial court.

5. **Constitutional Law: Appeal and Error.** It is, and has long been, the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court.

6. **Constitutional Law: Courts.** An issue of constitutionality must be specifically called to the trial court's attention in some way so that the court has an opportunity to rule upon it. If not so raised, the issue will be considered to have been forfeited.

7. **Records: Appeal and Error.** It is incumbent upon an appellant to supply a record which supports his or her appeal.
8. **Constitutional Law: Courts: Appeal and Error.** Presenting a constitutional challenge for the first time to a district court acting as an intermediate appellate court does not cure a forfeiture in the county court.

Appeal from the District Court for Lancaster County, Darla S. Ideus, Judge, on appeal thereto from the County Court for Lancaster County, Matthew L. Acton, Judge. Judgment of District Court affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Kelsey Helget for appellant.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, and Lincoln J. Korell, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A county court convicted James R. Kalita of second degree criminal trespass and refusal to obey a lawful order. He then appealed to the district court, where he challenged the constitutionality of a statute and regulations as applied to him. In this further appeal, we conclude that he forfeited the constitutional issue by failing to raise the question in the county court. Because we also reject his additional claim that the evidence was insufficient to support his convictions, we affirm the district court's judgment on appeal.

## BACKGROUND

Parts of the Nebraska State Capitol Building (Capitol building) are generally open to the public daily. During such a time, Kalita carried inside a flagpole with an attached flag that he referred to as a "Marcus Garvey American flag Pan-Africanism." A member of capitol security and law enforcement officers with the Nebraska State Patrol informed Kalita

that poles were not permitted in the Capitol building. But Kalita refused to remove the flagpole or to leave. An officer arrested Kalita, and the State later charged him with second degree criminal trespass and refusal to obey a lawful order from the Nebraska State Patrol.

COUNTY COURT PROCEEDINGS

The county court conducted a jury trial. At the outset, the court observed that the defense had filed two pretrial motions. Neither motion appears in our record. From the court's description, it does not appear that either motion asserted a constitutional challenge.

Nebraska State Patrol Trooper David Nelson testified that he was notified of a potential issue involving an individual in the Capitol building with "a six foot flagpole with a flag on it." As Nelson approached Kalita, a member of capitol security was explaining to Kalita that he could keep the flag but could not have the flagpole in the Capitol building. Nelson similarly advised Kalita. When Kalita said that he would not take the flagpole outside, Nelson told Kalita that he would be arrested for trespassing and failing to obey a lawful order. Ultimately, a captain with the Nebraska State Patrol arrested Kalita.

Rules and regulations address prohibited conduct at the Capitol building. The court received as an exhibit a true and correct copy of 272 Neb. Admin. Code, ch. 25 (2021), titled "Rules and Regulations Governing Security at State Capitol Building Lincoln, Nebraska." A section of the regulations covers "Prohibitions and Orders on Capitol Property."[1] A subsection concerning signs provides in part: "All signs shall only be handheld on Capitol Property. No handles, sticks, supports, poles, posts, or other items used to hold up signs will be allowed on Capitol Property."[2] And a subsection about orders to leave states: "No person shall remain on Capitol Property

---

[1] 272 Neb. Admin. Code, ch. 25, § 003.

[2] *Id.*, § 003.05(a).

after having been ordered or directed by a member of the Nebraska State Patrol or other law enforcement personnel to leave Capitol Property. Failure to comply may result in a citation for trespassing."[3]

During cross-examination of Nelson, Kalita's counsel focused on the rules and regulations. Questioning established that a rule speaks of poles only in connection with signs. When asked if someone could attach a flag to the tip of a rifle, Nelson testified, "Technically, there's nothing wrong with that."

Kalita testified that capitol security told him that he could not have "that" in the Capitol building because "it's considered a weapon or dangerous." He admitted that officers with the Nebraska State Patrol told him that the flagpole was against the regulations, that they asked him to remove the flagpole from the building, and that he did not do so.

After the State rested its case in chief, Kalita moved for a directed verdict. But the motion did not assert a constitutional challenge. Similarly, no such challenge was raised by motion after all of the evidence was adduced. Nor was there a constitutional challenge during the formal instruction conference. At oral argument, Kalita admitted that he never asked the county court to make a ruling on any constitutional challenge.

The jury found Kalita guilty of both charges. The court imposed a fine for each conviction.

## District Court Proceedings

Kalita appealed to the district court. He alleged that the county court erred by finding him guilty without sufficient evidence and that Neb. Rev. Stat. §§ 28-521 (Cum. Supp. 2022) and 81-2008 (Reissue 2014), along with 272 Neb. Admin. Code, ch. 25, were unconstitutional. Kalita also filed a notice that he was challenging the constitutionality of those statutes and regulations.

The district court entered a judgment on appeal, styled as an order of affirmance. It found that the evidence supported

---

[3] *Id.*, § 003.08.

a finding that the State proved the essential elements of the crimes beyond a reasonable doubt. The court also determined that the constitutional claim was without merit.

Kalita timely appealed. At the time of filing his appellate brief, he filed a notice of constitutional question under Neb. Ct. R. App. P. § 2-109(E) (rev. 2023) that he intended to challenge the constitutionality of § 81-2008 and 272 Neb. Admin. Code, ch. 25, "as applied to the facts of this case." We moved the case to our docket on our own motion.[4]

## ASSIGNMENTS OF ERROR

Kalita alleges, reordered, that the district court erred in (1) finding his as-applied constitutional challenge regarding § 81-2008 and 272 Neb. Admin. Code, ch. 25, to be without merit and (2) finding sufficient evidence to support his convictions.

## STANDARD OF REVIEW

[1] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.[5]

[2] When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.[6]

[3] In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

[5] *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023).

[6] *Id*.

in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[7]

## ANALYSIS

### Constitutional Challenge

An initial issue is whether Kalita has properly presented a constitutional challenge. By filing a statement of errors to the district court and a notice pursuant to § 2-109(E) to this court, Kalita took the necessary steps to raise the issue on *appeal*.

But a basic tenet of appellate review is that an issue first be presented to and passed upon by the *trial court*. Here, that was the county court.

The proper procedure for raising and preserving a constitutional challenge differs, depending on whether it is a facial or an as-applied challenge.[8] As-applied challenges to the constitutionality of a criminal statute are preserved by a defendant's plea of not guilty.[9] But the proper procedure for raising a facial constitutional challenge to a criminal statute is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.[10] Here, Kalita did not file a motion to quash, but he did enter a plea of not guilty.

We digress to note that recently, we have more carefully distinguished between an act of waiver and a consequence of forfeiture.[11] Waiver is the intentional relinquishment of a known right.[12] On the other hand, forfeiture is the failure to

---

[7] *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024).

[8] *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017).

[9] *Id*.

[10] *Id*.

[11] See, *Lancaster County v. Slezak, ante* p. 157, 9 N.W.3d 414 (2024); *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

[12] *State v. Horne, supra* note 11.

make the timely assertion of a right.[13] Although some of our case law applicable here refers to waiver, forfeiture is more appropriate. From this point on, we use that nomenclature.

Our precedent demonstrates that although a not guilty plea *preserves* an as-applied challenge, such a challenge must still be *specifically raised* to the trial court. In *State v. Harris*,[14] the defendant raised a constitutional challenge at several different points before the trial court. First, he filed a motion to quash, alleging that a statutory scheme was unconstitutional on its face and as applied; the court overruled the motion, and the defendant then entered a plea of not guilty. Second, after the State rested its case in a stipulated bench trial, the defendant renewed the objections he made in the motion to quash. Third, after the defendant rested his defense, he moved to dismiss the action as unconstitutional as applied to him. Our opinion stated that "[h]aving pled not guilty and as a result of these arguments at trial, [the defendant] preserved his as-applied constitutional challenges based on the Equal Protection and Commerce Clauses."[15] Similarly, in *State v. Perina*,[16] we stated that "the basis of [the] constitutional claim was absolutely clear from the outset of the proceedings and reasserted . . . at every juncture" and that "both the county court and the district court addressed the substance of [the] claim." Other cases clearly show that an as-applied challenge was raised to the trial court.[17]

[4-6] While a plea of not guilty preserves an as-applied constitutional challenge, such a challenge must be specifically raised to the trial court. It strikes us that merely entering a

---

[13] *Id*.

[14] *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012).

[15] *Id.* at 223, 817 N.W.2d at 269.

[16] *State v. Perina*, 282 Neb. 463, 472, 804 N.W.2d 164, 171 (2011).

[17] See, e.g., *State v. Stone, supra* note 8; *State v. McKee*, 253 Neb. 100, 568 N.W.2d 559 (1997); *State v. Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991).

not guilty plea does not inform a trial court that a defendant is asserting an as-applied constitutional challenge. Nor should a trial court be required to automatically perceive that an as-applied constitutional challenge is being made with every not guilty plea. It is, and has long been, the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court.[18] An issue of constitutionality must be specifically called to the trial court's attention in some way so that the court has an opportunity to rule upon it.[19] If not so raised, the issue will be considered to have been forfeited.[20]

[7] The record does not show that Kalita raised any constitutional issue before the county court. It is incumbent upon an appellant to supply a record which supports his or her appeal.[21] Kalita's comment during sentencing that he "does still contend there was [sic] constitutional issues with the orders from the state patrol and he understands that that is something that he can take up on appeal for those constitutional issues" does not suffice. The county court was not asked to, and did not, decide anything pertaining to a constitutional challenge.

[8] Presenting a constitutional challenge for the first time to a district court acting as an intermediate appellate court does not cure a forfeiture in the county court.[22] This is because "the district court and then this court act as appellate courts and not as trial courts" and "[t]he standard of review in cases appealed from the county court to the district court,

---

[18] *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984). See, also, *State v. Norman*, 282 Neb. 990, 808 N.W.2d 48 (2012); *Pill v. State*, 43 Neb. 23, 61 N.W. 96 (1894).

[19] See *State v. Hert*, 192 Neb. 751, 224 N.W.2d 188 (1974).

[20] See *State v. Schreck*, 226 Neb. 172, 409 N.W.2d 624 (1987).

[21] *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

[22] See, *State v. Olson*, 217 Neb. 130, 347 N.W.2d 862 (1984); *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982). See, also, *State v. Mercer*, 217 Neb. 164, 347 N.W.2d 868 (1984).

and from the district court to this court, is on the record made in the county court, and is not de novo."[23] But even when an issue involves a question of law, which an appellate court reviews de novo,[24] we have applied a forfeiture rule (using "waiver" language).[25]

The court's opinion in *State v. Ledingham*,[26] authored by then Chief Justice Krivosha, elaborated on the need for the trial court to consider an issue of constitutionality in the first instance. The court explained that for the district court to properly review whether the county court abused its discretion and then for a higher appellate court to determine whether the district court—in reviewing the action of the county court—properly exercised its authority, the county court must have the first opportunity to pass upon a question. The court reasoned that "[t]o hold otherwise would require us to totally ignore the rules with regard to appellate review and make matters on appeal to the district court or on appeal to this court, in effect, de novo."[27] The court declared that "[o]nly in the most unusual of cases, and where the error is plain, should courts disregard such rules and consider constitutional issues raised for the first time on appeal to this court."[28]

This is not a "most unusual case,"[29] and we see no plain error. We conclude that by not raising the issue of constitutionality to the county court, Kalita forfeited it. Accordingly, we do not further consider this assignment of error.

---

[23] *State v. Ledingham, supra* note 18, 217 Neb. at 137, 347 N.W.2d at 867.

[24] See, e.g., *State v. Brown, ante* p. 273, 9 N.W.3d 871 (2024).

[25] See, *State v. Ledingham, supra* note 18; *State v. Olson, supra* note 22.

[26] *State v. Ledingham, supra* note 18.

[27] *Id.* at 138, 347 N.W.2d at 867.

[28] *Id.* at 138, 347 N.W.2d at 867-68.

[29] See *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997) (no opportunity to raise question of statute's constitutionality because district court issued peremptory writs ex parte).

## Sufficiency of Evidence

Kalita challenges the sufficiency of the evidence to support his convictions for failure to obey a lawful order of the Nebraska State Patrol and for criminal trespass in the second degree. We find no merit to his argument.

Kalita's argument focuses on the lawfulness of the order given by law enforcement. He contends that because a flag is not a sign, he does not have to follow the regulations for signs contained in § 003.05. According to Kalita, if there was no violation of the regulations, then the order to leave was not lawful. And if there was no lawful order to leave, then he did not trespass.

The chief fallacy of Kalita's argument is that the lawfulness of an order is not linked to a violation of the rules and regulations.

We look to the statutes that the State charged Kalita with violating. To convict Kalita of failing to obey a lawful order, the State had to show beyond a reasonable doubt that Kalita "fail[ed] or refuse[d] to obey . . . any lawful order of . . . the subordinate officers or employees of the Nebraska State Patrol."[30] And to convict Kalita of criminal trespass, the State had to prove that Kalita, "knowing that he . . . is not licensed or privileged to do so, . . . remains in any place as to which notice against trespass is given by . . . [a]ctual communication to the actor."[31]

The evidence, which was essentially undisputed, demonstrates that Kalita violated both statutes. Nelson and the captain, as officers employed by the Nebraska State Patrol, were responsible for security in the Capitol building.[32] In connection with that responsibility, they were authorized to order

---

[30] § 81-2008.

[31] § 28-521(1).

[32] See Neb. Rev. Stat. §§ 81-1108.15(6) (Cum. Supp. 2022) and 81-2004(3) (Reissue 2014).

an individual to leave the building.[33] When Kalita refused to remove the flagpole, the officers warned him that he needed to leave or he could be arrested for trespassing. Kalita did not remove the flagpole, and he did not leave the building. Thus, the evidence showed that Kalita refused to obey an order that the officers were authorized to give and that he remained in the building despite the notice of trespass given by the Nebraska State Patrol. Kalita's argument that the evidence was insufficient to support his convictions fails.

## CONCLUSION

We conclude that Kalita forfeited any constitutional challenge by failing to raise it to the county court and that the evidence supports his convictions. Accordingly, we affirm the district court's judgment on appeal, which affirmed the judgment of the county court.

Affirmed.

---

[33] § 003.08.